**Leonard Joseph CLARK, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 11–93–362–CR.

Court of Appeals of Texas,
Eastland.

Oct. 20, 1994.

Richard Mabry, Abilene, for appellant.

James Eidson, Nelda Williams, Crim. Dist. Atty., Abilene, for appellee.

OPINION

RALEIGH BROWN, Justice, Assigned.

The jury convicted appellant of intentionally causing bodily injury to a child and found that appellant used a deadly weapon, his hands or feet, during the commission of the offense. Appellant was acquitted of intentionally causing serious bodily injury to the child. The jury assessed punishment at confinement for a term of ten years in the Texas Department of Criminal Justice, Institutional Division. We affirm.

In a single point of error, appellant contends that the trial court denied him due process of law by accepting the acquittal of causing serious bodily injury when the court also accepted the jury's finding that appellant used a deadly weapon, his hands or feet, while causing bodily injury to the child. Appellant argues that the deadly weapon finding is inconsistent with the acquittal of causing serious bodily injury. He seeks reformation of the judgment to remove the deadly weapon finding.

We hold that the acquittal of causing serious bodily injury to a child is not inconsistent with the affirmative deadly weapon finding. The jury could find that the State failed to prove all the elements of the crime yet proved that appellant used a deadly weapon.

In a prosecution for the intentional causing of serious bodily injury to a child, the State must show that the defendant (1) intended to cause serious bodily injury and (2) actually

did cause serious bodily injury. See TEX.PENAL CODE ANN. § 22.04(a)(1) (Vernon 1994). However, neither of these elements must be shown to support a deadly weapon finding.

To support a deadly weapon finding, the State must show that appellant's hands or feet in the manner of their use or intended use were capable of causing death or serious bodily injury. TEX.PENAL CODE ANN. § 1.07(a)(17)(B) (Vernon 1994). The State need not show that the hands or feet actually did cause serious bodily injury. They must show only that they were used in a manner capable of such. Furthermore, a showing that the defendant used his hands or feet in a manner capable of causing serious bodily injury, even absent the intent to do so, will support a deadly weapon finding.

In the instant case, the State need not have shown that appellant intended to cause serious bodily injury or actually did cause serious bodily injury in order to support the deadly weapon finding. Therefore, the jury reasonably could have found that the State did not meet its burden of proving appellant guilty of intentionally causing serious bodily injury to the child but did meet its burden of showing deadly weapon use. The two are not inconsistent.

Moreover, where a verdict appears to be inconsistent with a deadly weapon finding, the appellate inquiry is limited to a determination of whether the evidence is legally sufficient to support the verdict and the finding. *Chavez v. State*, 860 S.W.2d 714, 716 (Tex.App.—El Paso 1993, no pet'n) (citing *Sauceda v. State*, 739 S.W.2d 375, 376 (Tex. App.—Corpus Christi 1987, pet'n ref'd). We find that the evidence, including appellant's own written statement showing that appellant struck and kicked the two-year-old child, supports the finding that appellant used his hands or feet in a manner capable of causing death or serious bodily injury. Appellant's point of error is overruled.

The judgment of the trial court is affirmed.

DICKENSON, J., not participating.