NO. 12-99-00383-CR




IN THE COURT OF APPEALS

 



TWELFTH COURT OF APPEALS DISTRICT




TYLER, TEXAS


PERCY FROMAN,

§

 APPEAL FROM THE 114TH

APPELLANTS





V.

§

 JUDICIAL DISTRICT COURT OF



THE STATE OF TEXAS,

APPELLEES

§

 SMITH COUNTY, TEXAS

 

PER CURIAM


 Percy Froman ("Appellant") appeals his conviction for aggravated robbery. A jury found Appellant guilty as charged and
assessed his punishment at life imprisonment upon his plea of true to the enhancement paragraphs in the indictment. He
raises two issues on appeal contending that the trial court erred in denying a motion for mistrial and that the evidence is
both legally and factually insufficient to support the jury's verdict. We affirm.



Factual Background The evidence revealed that Appellant arrived in Tyler from Georgia in March of 1999. He got a job
as a maintenance person at a Ramada Inn. Juana Tarango ("Tarango") testified she was working the front desk of the hotel
when she was struck from behind and knocked unconscious. She regained consciousness and saw Appellant going through
the cash register. Appellant threatened and kicked her. He took the money from the cash register and left through the rear
door of the hotel. She called the police and after being briefly questioned was taken to the hospital and treated for injuries
to her head, face, and ear.



Violation of Motion in Limine


 Appellant's first issue contends the trial court erred by denying his motion for a mistrial. He complains that the State
violated the motion in limine by going into his prior criminal record. The State offered the testimony of Jeanne Webb
("Webb") who had ridden the same bus to Tyler as Appellant. The police had found her name, address and phone number
on a luggage tag when Appellant was arrested. She testified that she had not given the tag to Appellant and that he must
have taken it when her bags were unattended. On cross-examination, Appellant asked Webb to describe her conversation
with Appellant on the trip and whether she had felt threatened by him. On redirect, the State asked; "Did you know
anything about Mr. Froman on that bus trip?" Webb answered that he had told her that "he had just got out of jail."

 Appellant objected, requested an instruction, and moved for a mistrial. The State responded that it was merely following
the line of questions raised by Appellant and that it had no idea that Webb was aware of any prior criminal history of
Appellant. The trial court sustained the objection and instructed the jury to disregard the answer. Later, the trial court
denied the motion for mistrial.

 Ordinarily, a prompt instruction to disregard will cure error associated with an improper question and answer, even one
regarding extraneous offenses. See Ovalle v. State, 13 S.W.3d 774, 783 (Tex. Crim. App. 2000), citing Fuller v. State, 827
S.W.2d 919, 926 (Tex. Crim. App. 1992);see also Perea v. State, 870 S.W.2d 314, 319 (Tex. App.-Tyler 1994, no writ).
 In Ovalle, the State improperly impeached a witness, Mrs. Ovalle, with a crime for which probation had expired. See
Ovalle, 13 S.W.3d at 783. The Court of Criminal Appeals held that the trial court's instruction to disregard, coupled with
other circumstances, rendered the improper impeachment harmless. Id. In reaching its conclusion that it was unlikely that
the improper impeachment had any impact upon the jury's decision, the Court noted that the discussion of the offense was
brief, the details of the offense were not given, and that the trial court instructed the jury to disregard the information.

 In the present case, the answer to the State's question regarding what Webb knew about Appellant also did not offer a
description of the crime for which he had been in jail. The trial court promptly instructed the jury that they should
disregard the answer. We conclude that the evidence was not so inflammatory that the jury could not have followed the
trial court's instruction to disregard. Thus, any error associated with the question and answer was cured. Appellant's issue is
overruled.



Sufficiency of the Evidence


 Appellant's second issue contends that the evidence is both legally and factually insufficient to support the jury's verdict. 
Specifically, he complains that the State did not prove that Tarango sustained serious bodily injuries or that his hands and
feet were capable of causing serious bodily injury or death. The indictment alleged 1) that Appellant caused Tarango to
suffer serious bodily injuries and 2) that he caused bodily injury to her by striking her with his hands and feet that in the
manner and means of their use were capable of causing serious bodily injury or death.

Legal Sufficiency

 Where a party seeks reversal of a conviction on grounds of both legal and factual insufficiency, an appellate court must
first determine whether the evidence adduced at trial was legally sufficient to support the verdict. See Clewis v. State, 922
S.W.2d 126, 133 (Tex. Crim. App. 1996). Our determination of sufficiency of the evidence requires that we review all
evidence, both admissible and inadmissible. Gardner v. State, 699 S.W.2d 831, 835 (Tex. Crim. App. 1985). The
standard of review that a court must follow in making a determination of legal sufficiency requires that it ask whether, after
reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt.Jackson v. Virginia, 443 U.S. 307, 318-19 99 S. Ct. 2781, 2789,
61 L. Ed. 2d 560 (1979). While conducting this review, a court does not re-evaluate the weight and credibility of the
evidence but merely ensures that the jury reached a rational decision. Muniz v. State, 851 S.W.2d 238, 246 (Tex. Crim.
App. 1993). Finally, a finding of legal insufficiency under the Jackson standard requires that the reviewing court render a
judgment of acquittal. Clewis, 922 S.W.2d at 133.
 The essential elements of aggravated robbery require a finding that a person commits robbery as defined in section 29.02
of the Texas Penal Code, and that he causes serious bodily injury to another or uses or exhibits a deadly weapon. Tex.
Pen. Code Ann. § 29.03 (Vernon 1994). Serious bodily injury is defined as an injury that "creates a substantial risk of
death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily
member or organ." Tex. Pen. Code Ann. § 1.07 (a) (46) (Vernon 1994). A deadly weapon is defined as any instrument that
in the manner and means of its use is capable of causing death or serious bodily injury. Tex. Pen. Code Ann. § 1.07 (a)
(17)(B) (Vernon 1994). Any instrument which, in the manner and means of its use, can cause serious bodily injury is a
deadly weapon. See Clark v. State, 886 S.W.2d 844, 845 (Tex. App.-Eastland, 1994, no pet.).

 The record shows that the State introduced testimony from Tarango that Appellant was a maintenance man at the motel. 
She saw him walking around the lobby area on the day of the robbery. Tarango stated she was struck from behind, and
when she came to, she saw Appellant trying to get into the cash register. After she screamed, Appellant kicked her and beat
her before leaving the motel. She testified that she still suffered from intense headaches and memory loss.

 The State also offered the testimony of the emergency room physician, Obafemi Opesanmi, ("Opesanmi") who treated
Tarango when she arrived at the hospital. Opesanmi testified that she had a laceration on the right side of her head which
exposed the skull and that she told him that her injuries were caused by being kicked and hit in the face by Appellant. He
stated that her left ear was "almost completely detached." She had significant swelling around the left eye and other
lacerations. Opesanmi testified that he considered her injuries to be serious bodily injuries as legally defined. He further
testified that by kicking and hitting Tarango in the face, Appellant had inflicted injuries that could have caused death or
serious bodily injury.

 After reviewing this evidence in the light most favorable to the conviction, we find the evidence to be legally sufficient for
a rational jury to find beyond a reasonable doubt that he caused serious bodily injury to Tarango and used or exhibited a
deadly weapon. Jackson, 443 U.S. 307 at 319, 99 S. Ct. at 2789. As a result, we overrule the portion of Appellant's
second issue challenging the legal sufficiency of the evidence.

Factual Sufficiency

 After a court of appeals has determined that the evidence is legally sufficient to support the verdict, it may proceed to
further review an appellant's claim of factual sufficiency. Clewis, 922 S.W.2d at 133. The Court of Criminal Appeals has
held that the proper standard of review for factual sufficiency of the evidence requires that the reviewing court set aside the
verdict only when it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. Id.at 129. 
Upon a determination of factual insufficiency, a reviewing court should vacate a conviction and remand the cause for a new
trial. Id. at 133-34.

 Appellant makes the same argument in regard to factual sufficiency as he did with legal sufficiency. Having previously
reviewed the evidence under the legal sufficiency standard, we will not recite the facts at this point. In view of all the
evidence in the trial, we conclude that the verdict is not so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust. Accordingly, we overrule the portion of Appellant's second issue challenging the factual
sufficiency of the evidence.

 The judgment of the trial court is affirmed.



Opinion delivered October 3, 2001.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.













































(DO NOT PUBLISH)