TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00309-CR






Edward West III, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT


NO. CR-00-452, HONORABLE JACK H. ROBISON, JUDGE PRESIDING






 Edward West III appeals from a conviction for aggravated assault. See Tex. Pen.
Code Ann. § 22.02(a) (West 1994). The indictment alleged that West "intentionally, knowingly and
recklessly cause[d] serious bodily injury . . . by use of a deadly weapon, to wit: a bat." The jury
found West guilty of aggravated assault but failed to find affirmatively that West used or exhibited
a deadly weapon. West urges that the court erred by rendering judgment on a verdict that was based
on inconsistent jury findings, and asserts that the evidence is legally insufficient because of the lack
of a finding that West used a deadly weapon to commit the offense. We rely on the rule announced
in Dunn v. United States, 284 U.S. 390, 393-94 (1932) to affirm the district-court judgment. 


FACTUAL AND PROCEDURAL HISTORY

 Sergeant Martin Espinoza, a supervisor for the Hays County Sheriff's office, received
a dispatch to report to the scene of an alleged crime on March 23, 1998. He arrived at Frank
Lehman's R.V. and saw Lehman standing outside. He noticed lacerations on his face. Once inside
Lehman's trailer, Sergeant Espinoza noticed blood dripping down the inside of the door and front
of the trailer. EMS arrived soon after and transported Lehman to the hospital. He told Sergeant
Espinoza that West had assaulted him with a baseball bat; he also told an investigator, and the
emergency room physician that he had been beaten with a bat. Medical records introduced at trial
revealed that Lehman had several lacerations on his face and head and a crushed right eye socket. 

 West was indicted on two counts. Count I alleged that West had committed the
offense of attempted murder. Count II charged West with aggravated assault, which was alleged in
the indictment to have been committed "by use of a deadly weapon, to wit: a bat." West pleaded not
guilty to both counts. After a jury trial, West was acquitted as to count I and convicted as to count
II. The jury also answered in the negative when asked whether West used or exhibited a deadly
weapon. The trial court accepted the jury's verdict. West was sentenced to twenty years in prison
and a $5,000 fine. West urges that the trial court erred in overruling his motion for instructed
verdict, and in upholding an inconsistent jury verdict finding him guilty of aggravated assault, but
failing to find the use of a deadly weapon. He further asserts that this discrepancy is equivalent to
a finding of legal insufficiency of the evidence based on a material variance. See Gollihar v. State,
46 S.W.3d 243, 246-48 (Tex. Crim. App. 2001).


DISCUSSION

Instructed Verdict

 After the jury returned its guilty verdict, West moved for a judgment not withstanding
the verdict (JNOV). There is no provision in law for a JNOV in a criminal case, however, so the
trial court was without authority to render such a judgment. State v. Savage, 933 S.W.2d 497, 499
(Tex. Crim. App. 1996). Counsel then asked for an instructed verdict. See Tex. Code Crim. Proc.
Ann. art. 45.032 (West Supp. 2002) ("Directed Verdict"). The code is silent as to when a motion
for instructed verdict may be requested, although at least one court has held that a directed verdict
may be ruled on anytime after the State has rested. See State v. Westergren, 707 S.W.2d 260, 263
(Tex. App.--Corpus Christi 1986, no pet.). Westergren allowed an instructed verdict after the return
of a jury verdict, designating it a JNOV. Id. at 263. However, since Westergren, the court of
criminal appeals has held that a trial court does not have the authority to grant a verdict other than
that rendered by the jury. The only recourse for a defendant is to file a motion requesting a new trial
based on evidentiary insufficiency. Savage, 933 S.W.2d at 499. If a defendant requests a motion
for instructed verdict or JNOV following a jury verdict, the court should treat such a motion as a
motion for a new trial. Id. (1) 

 It is clear that appellant, by requesting a JNOV and then an instructed verdict, was
asserting a challenge to the legal sufficiency of the evidence. See Garcia v. State, 17 S.W.3d 1, 2
(Tex. App.--Houston [1st Dist.] 1999, pet. ref'd). Accordingly, we will review this case as a legal
sufficiency complaint, which can be brought on appeal whether or not the appellant has preserved
the error at trial. Rankin v. State, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001). Moreover,
challenges to the legal sufficiency of evidence concerning deadly weapon findings in particular do
not need to be preserved at the trial level. Id. at 901. 


Inconsistent Jury Verdicts or Findings 

 Where the findings of the jury are inconsistent, the court shall look only to whether
the evidence is sufficient to sustain the verdict. Dunn, 284 U.S. at 393-94. This rule was adopted
in Dunn v. United States, in which the United States Supreme Court held that a defendant may not
attack a conviction on one count if there is sufficient evidence to support it, even though that
conviction was inconsistent with an acquittal on another count in the same indictment. Id. In Dunn,
the jury convicted the defendant of maintaining a common nuisance by keeping intoxicating liquor
for sale, but acquitted him of both the unlawful possession and the unlawful sale of the same liquor. 
Id. at 391-92. The Supreme Court reaffirmed the Dunn rule in United States v. Powell, 469 U.S. 57,
64 (1984). In Powell, the defendant was convicted of facilitating narcotics offenses by telephone,
although it required proof of predicate offenses of conspiracy to possess cocaine and possession of
cocaine, offenses for which she was acquitted by the same jury. 469 U.S. at 60. The Court relied
on Dunn to reject the defendant's inconsistent verdict argument. Id. at 69.

 Texas has applied this rule to several situations where the jury's verdicts and findings
appear to be inconsistent. Clark v. State, 886 S.W.2d 844 (Tex. App.--Eastland 1994, no pet.); (2) see
also Ruiz v. State, 641 S.W.2d 364 (Tex. App.--Corpus Christi 1982, no pet.). (3) Moreover, in a case 
similar to this one, the defendant was convicted of aggravated assault by threatening the victim with
an unloaded gun. See Sauceda v. State, 739 S.W.2d 375, 376 (Tex. App.--Corpus Christi 1987, pet.
ref'd). Despite the conviction and the fact that a handgun is a per se deadly weapon, the jury failed
to find the use of a deadly weapon at the punishment phase of the trial. Id. The Thirteenth Court
of Appeals, following the Dunn rule, affirmed the judgment of conviction. Id. at 376-77. Despite
seemingly inconsistent findings, so long as the evidence supports the finding of guilt, the Dunn rule
requires the trial court to accept the verdict of the jury. While the inconsistency may suggest that
the jury did not follow the trial court's instruction, the reviewing court may not speculate as to the
jury's motives. Id. at 376. Inconsistencies within a jury's verdict may indicate that "the jury did not
speak their real conclusions, but that does not show that they were not convinced of the defendant's
guilt." Powell, 469 U.S. at 64 (quoting Dunn, 284 U.S. at 393). Moreover, a jury, convinced of guilt
on the compound offense, may have "through mistake, compromise, or lenity, arrived at an
inconsistent conclusion on the lesser [predicate] offense," but that determination requires either
"pure speculation" or "inquiries into the jury's deliberations that courts generally will not
undertake." Id. at 65-66. When presented with a seemingly inconsistent finding regarding a deadly
weapon, the appellate inquiry is limited solely to a determination of whether the evidence is legally
sufficient to support an affirmative finding. See Clark, 886 S.W.2d at 845. 

Legal Insufficiency

 Because the failure to find a deadly weapon does not have to be considered to support
or refute the guilty verdict, we turn now to the legal sufficiency of the evidence presented at trial. 
When reviewing the legal sufficiency of the evidence, we view the evidence in the light most
favorable to the verdict to determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979);
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000). The trier of fact is the exclusive judge of
the credibility of the witnesses and the weight to be given their testimony. See Jones v. State, 944
S.W.2d 642, 647 (Tex. Crim. App. 1996). The jury's verdict reflects that they believed Lehman's
testimony that West assaulted him with a bat. Given the damage to his face and scalp, coupled with
the blood splatterings found by Sergeant Espinoza and investigators in his trailer, a reasonable trier
of fact could conclude that a deadly weapon, such as a bat, was used. Moreover, the fracture of 
Lehman's right eye socket, for which Lehman had to undergo surgery, further supports the
conclusion that a heavy, blunt object such as a bat was used in the assault. Indeed, Dr. Whisenant,
the emergency room physician who treated Lehman, testified that an injury such as the one suffered
by Lehman was typically caused by the force of a blunt object. Given the evidence as a whole, a
rational trier of fact could have found the essential elements of the offense beyond a reasonable
doubt. Jackson, 443 U.S. at 324; Chambers v. State, 866 S.W.2d 9, 15 (Tex. Crim. App. 1993). West argues that the failure of the jury to find the use or exhibit of a deadly weapon
created a material or fatal variance between the indictment and the proof offered at trial. See
Gollihar, 46 S.W.3d at 246-47. A variance occurs where the evidence introduced by the State fails
to prove the offense alleged in the indictment; that is, a discrepancy exists between the allegations
in the charging instrument and the proof at trial. Id. at 246. In a variance situation, the State has
proven the defendant guilty of a crime, but has proven its commission in a manner that differs from
the allegations in the charging instrument. Id. Thus, the evidence may be legally insufficient to
sustain the conviction as alleged. Id. at 246-47. Here, the State's proof was consistent with the
offense as alleged in the indictment. As the proof offered at trial was legally sufficient to establish
the charge of aggravated assault as alleged in the indictment, there was no variance. Moreover,
because the evidence is sufficient to sustain the guilty verdict alone, this Court does not have to
consider the apparently inconsistent failure to find use of a deadly weapon, according to the Dunn
rule. 


CONCLUSION

 The evidence in this case is sufficient to support West's conviction for aggravated
assault as alleged. According to the Dunn rule, we look no further than the verdict itself. The
evidence is legally sufficient to support the judgment of the trial court; accordingly, we affirm the
judgment of conviction. 


 

 Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed: June 13, 2002

Do Not Publish
1.   The record reflects that West's trial counsel filed a motion for new trial asserting that the
verdict was contrary to the evidence. See Tex. R. App. P. 21.3. There is no indication in the record
that the motion was presented or ruled on. See Tex. R. App. P. 21.6, 21.8.
2.   In Clark, the defendant was convicted of intent to cause bodily injury to a child and the jury
found the use of a deadly weapon, his hands and feet; however, he was acquitted of intentionally
causing serious bodily injury to a child. Clark v. State, 886 S.W.2d 844 (Tex. App.--Eastland 1994,
no pet.). The court rejected the defendant's claim that his acquittal of the serious bodily injury
charge was inconsistent with the jury finding of his hands and feet as a deadly weapon. See id. at
845. Moreover, the court noted its inquiry was limited to the legal sufficiency of the evidence. Id.
3.   In Ruiz, the court upheld an inconsistent jury verdict where the defendant was found guilty
as to one count of murder and one count of attempted murder, but not guilty by reason of insanity
as to three other murders, all of which had occurred in the same episode. Ruiz v. State, 641 S.W.2d
364, 365-66 (Tex. App.--Corpus Christi 1982, no pet.).