NUMBER 13-02-306-CR

COURT OF APPEALS

 THIRTEENTH DISTRICT OF TEXAS

 CORPUS CHRISTI-EDINBURG 
                                                                                                                      

JAVIER MARTINEZ,                                         Appellant,

v.

THE STATE OF TEXAS, Appellee.
                                                                                                                      

On appeal from the 347TH District Court 
of Nueces County, Texas.
                                                                                                                      

OPINION

Before Chief Justice Valdez and Justices Hinojosa and Rodriguez
Opinion by Chief Justice Rogelio Valdez
          Appellant, Javier Martinez, was convicted by a jury of aggravated assault with a
deadly weapon and sentenced to fourteen years of incarceration. Appellant attacks the
judgment by four issues, arguing that the jury’s verdict was inconsistent, the evidence was
legally and factually insufficient to support the deadly weapon finding, and he received
ineffective assistance of counsel. We affirm.
Background
          On May 31, 2000, Davie Ellis was at a Circle K convenience store in Corpus Christi,
Texas. He was extremely intoxicated, and was asking patrons for change. Appellant and
his girlfriend, Stephanie Stanfield, arrived at the Circle K. Stanfield entered the store to
make a purchase, and appellant waited in their vehicle. Ellis verbally accosted Stanfield
when she exited the store. 
          Stanfield returned to her vehicle and told appellant about Ellis’s remarks. Appellant
left his car and approached Ellis, who was sitting on the sidewalk. Appellant yelled at Ellis
and hit him. Ellis did not return the blow, but fell over onto his side. Appellant continued
hitting Ellis until two bystanders stopped him. Appellant returned to Stanfield’s car, and
Stanfield had begun to drive away when appellant again left the car, returned to Ellis, and
began repeatedly kicking him, with a “football” kick, “stomping him,” and stepping on him. 
Bystanders again pulled appellant away from Ellis. According to at least one witness,
appellant may have attacked Ellis yet a third time. During each of the attacks, Ellis
remained in either a prone or sitting position and never returned a blow. 
          Appellant gave a statement to the police in which he contended that Ellis was
verbally abusive to Stanfield. When he approached Ellis about it, Ellis “grabbed” and
“pulled” him, and they began hitting each other. Appellant kicked him, then walked away,
but the “homeless guy” was still “talking shit,” so appellant “kicked him again in the chest.” 
Appellant returned to his car and left. According to appellant, Ellis was getting up from the
pavement when appellant left the scene. 
          Appellant was indicted for murder. A jury convicted him of the lesser-included
offense of aggravated assault with an affirmative finding that he had used a deadly
weapon. The jury assessed punishment at fourteen years of incarceration, and the trial
court entered judgment in accordance with the verdict. 
          Appellant raises four issues on appeal. In his first issue, appellant contends that the
jury’s verdict was inconsistent and unsupported by the evidence. In his second and third
issues, appellant argues that the evidence was legally and factually insufficient to support
a deadly weapon finding. Finally, in his fourth issue, appellant contends that his trial
counsel was ineffective.
Standard of Review
          A legal sufficiency review calls upon the reviewing court to view the relevant
evidence in the light most favorable to the verdict and determine whether any rational
trier of fact could have found the essential elements of the crime beyond a reasonable
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19 (1979); Johnson v. State, 23
S.W.3d 1, 7 (Tex. Crim. App. 2000) (en banc); Jackson v. State, 17 S.W.3d 664,
667 (Tex. Crim. App. 2000). In a legal sufficiency review, the fact finder remains the
exclusive judge of the credibility of the witnesses and of the weight to be given their
testimony. See Barnes v. State, 876 S.W.2d 316, 321 (Tex. Crim. App. 1994). The
appellate court serves to ensure the rationality of the fact finder, but does not
disregard, realign, or weigh the evidence. Moreno v. State, 755 S.W.2d 866, 867
(Tex. Crim. App. 1988).
         A factual sufficiency review dictates that the evidence be viewed in a neutral
light, favoring neither party. See Johnson, 23 S.W.3d at 7 (citing Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996)). In conducting a factual sufficiency
review, the reviewing court asks whether a neutral review of all of the evidence, both
for and against the jury’s finding, demonstrates that the proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. Id. at 11. 
We may disagree with the fact finder’s determination only when the record indicates
such a step is necessary to arrest the occurrence of a manifest injustice; otherwise,
due deference must be accorded to the fact finder’s determinations, particularly those
findings concerning the weight and credibility of the evidence. Id. (citing Jones v.
State, 944 S.W.2d 642, 648-49 (Tex. Crim. App. 1996)).
Claim of Inconsistent Verdicts
         In his first issue, appellant claims that the jury’s finding that appellant recklessly
committed aggravated assault and the jury’s finding that appellant used a deadly
weapon are inconsistent. According to appellant, if he was acting recklessly, then he
could not have used his hands and feet in a manner intending to cause death or great
bodily injury. Appellant’s argument focuses on the requisite mental states for the
offense and the deadly weapon finding.
         A person commits an assault if he intentionally, knowingly, or recklessly causes
bodily injury to another. Tex. Pen. Code Ann. § 22.01(a)(1) (Vernon 1994 & Supp.
2003). An assault becomes aggravated if the actor causes serious bodily injury to
another or uses or exhibits a deadly weapon during the commission of the assault. In
the instant case, the jury found that appellant acted recklessly. Tex. Pen. Code Ann.
§ 22.02(a)(1) (Vernon 1994 & Supp. 2003). 
         A person acts recklessly when he is:
aware of but consciously disregards a substantial and unjustifiable risk
that the circumstances exist or the result will occur. The risk must be of
such a nature and degree that its disregard constitutes a gross deviation
from the standard of care that an ordinary person would exercise under
all the circumstances as viewed from the actor’s standpoint.

Tex. Pen. Code Ann. § 6.03(c) (Vernon 1994).
         A “deadly weapon” is anything that, in the manner of its use or intended use,
is capable of causing death or serious bodily injury. Tex. Pen. Code Ann. §
1.07(a)(17)(B) (Vernon 1994). The penal code does not require a defendant to
actually intend to cause death or serious bodily injury; rather, an object is a deadly
weapon if a defendant intends a use of the object in which it would be capable of
causing death or serious bodily injury. McCain v. State, 22 S.W.3d 497, 503 (Tex.
Crim. App. 2000); Brown v. State, 91 S.W.3d 353, 357 (Tex. App.–Eastland 2002,
no pet.). Therefore, the jury’s finding that appellant acted recklessly in committing the
aggravated assault is not inconsistent with the jury’s finding that appellant intended
to use his hands or feet in a manner in which they would be capable of causing death
or serious bodily injury. See McCain, 22 S.W.3d at 503. We overrule appellant’s first
issue.
Legal and Factual Sufficiency of the Deadly Weapon Finding
         In his second and third issues, appellant contends that the evidence is legally
and factually insufficient to show that he utilized a deadly weapon. Appellant
suggests that there was no evidence “to suggest that by training or martial arts skills
the appellant’s hands and feet had somehow become deadly weapons.” 
         Although a hand is not a deadly weapon per se, it can become a deadly weapon
if evidence in the case shows that, in the manner of its use, the hand was capable of
causing death or serious bodily injury. Turner v. State, 664 S.W.2d 86, 90 (Tex.
Crim. App. [Panel Op.] 1983) (hands and fists used to choke victim to death);
Jefferson v. State, 974 S.W.2d 887, 892 (Tex. App.–Austin 1998, no pet.) (inmate
struck guard with fists causing serious bodily injury); Judd v. State, 923 S.W.2d 135,
140 (Tex. App.–Forth Worth 1996, pet. ref’d) (hands used to choke victim); Clark v.
State, 886 S.W.2d 844, 845 (Tex. App.–Eastland 1994, no pet.) (hands used to
cause bodily injury to infant); Cooper v. State, 773 S.W.2d 749, 750 (Tex.
App.–Corpus Christi 1989, no pet.) (defendant used hands as a deadly weapon by
throwing infant in the air and dropping infant to the floor); Johnson v. State, 770
S.W.2d 72, 74 (Tex. App.–Texarkana 1989), aff’d, 815 S.W.2d 707 (Tex. Crim. App.
1991) (defendant used hands and feet to beat and kick victim to death); Kirkpatrick
v. State, 747 S.W.2d 521, 524 (Tex. App.–Fort Worth 1988, pet. ref’d) (hands used
to strangle victim).
         Dr. Lloyd White, the medical examiner who performed an autopsy on the
decedent, testified that Ellis died from an internal hemorrhage due to a lacerated spleen
caused by blunt trauma to the chest and abdomen. As part of the investigation, Dr.
White was informed that there were witnesses that saw someone actually kick the
decedent in the area of the trunk which would “certainly explain an injury of this type
to the spleen.” White testified that, in his experience and training, it is possible to
rupture the spleen by kicking someone in the back or side. According to White,
kicking someone in the back or side with force was both dangerous to human life and
could cause serious bodily injury. Upon cross examination, White conceded that it was
“possible” that laceration to the spleen could be caused by falling onto a hard surface,
such as a curb or the edge of a table.
         Given the eye-witness testimony and the expert testimony about causation, the
evidence is legally sufficient to support the verdict. Any rational trier of fact could
have found the essential elements of the crime beyond a reasonable doubt. Johnson,
23 S.W.3d at 7. Moreover, a neutral review of all of the evidence, both for and
against the jury’s finding, does not demonstrate that the proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination, or the proof of guilt,
although adequate if taken alone, is greatly outweighed by contrary proof. See id. 
Thus, the evidence is also factually sufficient to support the verdict. We overrule
appellant’s second and third issues.
Ineffective Assistance of Counsel
         In his final issue, appellant contends that trial counsel was ineffective for failing
to object to the deadly weapon charge or to the inconsistent verdicts. Strickland v.
Washington, 466 U.S. 668 (1984), sets forth the proper standard of review for
effectiveness of counsel. See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim.
App. 1999); Hernandez v. State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). 
Strickland requires a two-part inquiry. The defendant must first show that counsel’s
performance was deficient, i.e., that his assistance fell below an objective standard of
reasonableness. Thompson, 9 S.W.3d at 812. Second, the defendant must further
prove that there is a reasonable probability that, but for counsel’s deficient
performance, the result of the proceeding would have been different. Id. A reasonable
probability is a probability sufficient to undermine confidence in the outcome. Id. 
         The determination regarding whether a defendant received effective assistance
of counsel must be made according to the facts of each case. Id.; Cantu v. State, 46
S.W.3d 421, 424 (Tex. App.–Corpus Christi 2001, no pet.). An appellate court looks
to the totality of the representation and the particular circumstances of the case in
evaluating the effectiveness of counsel. Thompson, 9 S.W.3d at 812; Castellano v.
State, 49 S.W.3d 566, 573 (Tex. App.–Corpus Christi 2001, pet. ref’d).
          The appellant bears the burden of proving by a preponderance of the evidence
that counsel was ineffective. Thompson, 9 S.W.3d at 813. There is a strong
presumption that counsel’s conduct fell within the wide range of reasonable
professional assistance. Gutierrez v. State, 8 S.W.3d 739, 749 (Tex. App.–Austin
1999, no pet.). To defeat the presumption of reasonable professional assistance, “any
allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.” McFarland v. State, 928
S.W.2d 482, 500 (Tex. Crim. App. 1996). 
         We have previously concluded that the verdicts were not inconsistent, and that
the submission of the deadly weapon issue was supported by legally and factually
sufficient evidence, thus counsel’s failure to object on these grounds did not constitute
ineffective assistance of counsel. Moreover, the record fails to contain any information
regarding trial counsel’s rationale for failing to object, thus, the record does not
support a claim of ineffective assistance of counsel. See id. We overrule appellant’s
fourth issue.
         Having overruled each of appellant’s issues on appeal, the judgment of the trial
court is affirmed.

           
 ROGELIO VALDEZ
                                                                                      Chief Justice
Do not publish.
Tex. R. App. P. 47.2(b).

Opinion delivered and filed

this 4th day of December, 2003.