**Jesus Nieto RUIZ, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 13–81–355–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 26, 1982.

Hector Villarreal, Edinburg, for appellant.

Robert Salinas, Dist. Atty., Edinburg, for appellee.

Before NYE, C.J., and YOUNG and GONZALEZ, JJ.

## OPINION

GONZALEZ, Justice.

Appellant appeals from a murder conviction by a jury where punishment was assessed at 60 years. At his request, he was tried simultaneously by the same jury on four murders and an attempted capital murder that occurred within a few minutes of each other. He pled not guilty by reason of insanity to each indictment. The jury returned verdicts of not guilty by reason of insanity on three of the murders and guilty verdicts on one murder and on the attempted capital murder. Appellant contends that his convictions should be reversed because the verdicts are inconsistent. We disagree and affirm.

Appellant does not challenge the sufficiency of the evidence. On the afternoon of May 6, 1980, appellant was at the home of Paula Hernandez, appellant's mother-in-law, in McAllen, Texas, where he lived occasionally with his common law wife. According to Herlinda Zamora, appellant's sister-in-law, appellant had been napping in the front room of the house while she was bathing her two young children and two of the appellant's children. Paula Hernandez was in the kitchen. Suddenly, Herlinda heard Paula scream. She turned and saw appellant with a butcher knife. Appellant then approached Herlinda. They struggled and Herlinda suffered several scratches and then ran from the home. At a neighbor's house, she called the police. Within minutes, Officer Reymundo Sanchez was on the scene. As Sanchez approached the front door, appellant appeared and invited the officer inside. As Sanchez entered, appellant pulled a knife from behind the front door and lunged at the officer. A struggle ensued; after being stabbed in the abdomen, Officer Sanchez drew his service weapon and fired several shots, one striking appellant in the abdomen. Other officers

arrived shortly thereafter. Inside the home, they found four victims with multiple stab wounds.

Paula Hernandez, 60 years of age, received four stab wounds which caused injuries to the colon, kidney, neck, ribs, and lungs. One year-old Veronica Zamora, appellant's niece, had been stabbed six times, with injuries to the eye, lung, intestines, spinal cord, and aorta. Three year-old Sonia Zamora, another niece, also received multiple stab wounds causing injuries to the thigh, back, ribs, lung, heart, skull, and eye. Araceli Ruiz, age 4, appellant's daughter, was also repeatedly stabbed. All four victims died as a result of the stabbings. Beatrice Ruiz, another daughter of appellant, fled the home with Herlinda.

Appellant was then indicted for the murders of Paula, Veronica, Sonia, and Araceli, and the attempted capital murder of Officer Sanchez. Appellant was found guilty of the murder of Paula Hernandez and the attempted capital murder of Officer Sanchez. He was found not guilty by reason of insanity on the murders of the three children.

## DOUBLE JEOPARDY–INCONSISTENT VERDICTS

In his first ground of error, the appellant contends that the jury's verdicts are inconsistent and violate his constitutional protection against double jeopardy.

■ After reviewing the record, we find that the verdicts are not inconsistent. Even if they were, reversal of the convictions would not be required. Neither the State nor the appellant has cited any Texas authority on this issue, and we can find none. The federal rule has long been that inconsistent verdicts do not require reversal. *Dunn v. United States,* 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). Where a multi-count verdict appears inconsistent, the appellate inquiry is limited to a determination of whether the evidence is legally sufficient to support the counts on which a conviction is returned. What the jury did with the remaining counts is immaterial. *United States v. Michel,* 588 F.2d 986 (5th Cir.1979); See also *United States v. Romeros,* 600 F.2d 1104 (5th Cir.1979).

According to most authorities, consistency is not necessary in criminal verdicts where the verdicts are returned in a joint trial of two or more indictments. See Annot., 16 A.L.R.3d 866 (1967); Annot., 18 A.L.R.3d 259 (1968). Some courts have taken the view that when the verdicts are incapable of logical reconciliation, they cannot be sustained. See *DeSacia v. State,* 469 P.2d 369 (Alaska, 1970). In reviewing the decisions of those courts which have addressed this issue, we have found that the vast number of states follow the federal rule. It is often stated that the jury's desire to be lenient leads to inconsistent verdicts. *State v. Leonardo,* 375 A.2d 1388 (R.I.1977). It is also said that the acquittal indicates only that the jury usurped the executive's power to grant clemency. *Dunn, supra.* Other courts have noted that while inconsistent verdicts may have been the result of compromise or mistake, the verdicts should not be upset by appellate speculation or inquiry into such matters. *State v. Morgan,* 179 Conn. 617, 427 A.2d 429 (1980). Appellant's first ground of error is overruled.

## INSANITY

■ In his second ground of error, appellant claims that the trial court reversibly erred in instructing the jury that appellant was presumed sane. While the "presumption of sanity" is not a true presumption but rather a rule of law, *Madrid v. State,* 595 S.W.2d 106 (Tex.Cr.App.1979) the court's charge to the jury sufficiently and properly instructed the jury on the appellant's burden to prove insanity by a preponderance of the evidence. We find no reversible error in the trial court's technically inaccurate use of the term "presumption." Moreover, appellant made no objection to the use of the term "presumption." Appellant's failure to object waives all but fundamental error. *Thomas v. State,* 605 S.W.2d 290 (Tex.Cr.App.1980). No fundamental error is alleged or shown. Appellant's second ground of error is overruled.

The judgment of the trial court is affirmed.