**Johnny Joe SAUCEDA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 13–86–537–CR.**

Court of Appeals of Texas, Corpus Christi.

Aug. 28, 1987.

Rehearing Denied Oct. 15, 1987.

---

**1.** *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

Alfredo Jimenez, Corpus Christi, for appellant.

Grant Jones, Dist. Atty., Corpus Christi, for appellee.

Before NYE, C.J., and KENNEDY and DORSEY, JJ.

## OPINION

KENNEDY, Justice.

The appellant was convicted of aggravated assault and the jury assessed his punishment at thirty years' imprisonment. By his sole point of error, appellant complains that the trial court erred in accepting an inconsistent jury verdict in the guilt-innocence phase of the trial. We affirm the judgment of the trial court.

The indictment contained two paragraphs. The first alleged aggravated assault "by striking with his fist," and the second paragraph alleged aggravated assault by threatening imminent bodily injury and that "the threat was made with a deadly weapon." Only two witnesses testified. Officer Zapata, the victim, testified that appellant struck him and, upon disarming the officer, attempted to shoot him with the gun, but did not succeed because the first chamber was empty. The appellant testified that he attempted to flee from the officer and that he struggled with the officer, but that he never disarmed the officer or threatened him with a gun. The officer was responding to a disturbance complaint. The appellant admitted that he knew Zapa-

ta was a police officer and that he resisted arrest. The State, after the close of evidence, elected not to proceed on the first paragraph of the indictment and the trial court did not charge thereon.

Although the jury convicted appellant of aggravated assault as alleged in the indictment, which specifically alleged the use of a deadly weapon, the jury answered in the negative the special issue, which affects parole as outlined in Tex.Code Crim.Proc. Ann. art. 42.18, § 8(b) (Vernon Supp.1987), regarding the use or exhibition of a deadly weapon by appellant.

While this case does not involve inconsistent verdicts, as the appellant alleges, the inconsistency between the verdict and the special issue finding is sufficiently analogous to cases involving inconsistent verdicts. This is a matter of first impression in Texas.

This Court, in *Ruiz v. State*, 641 S.W.2d 364, 366 (Tex.App.—Corpus Christi 1982, no pet.), which involved allegations of inconsistent verdicts, held:

Where a multi-count verdict appears inconsistent, the appellate inquiry is limited to a determination of whether the evidence is legally sufficient to support the counts on which a conviction is returned.

Because there are no cases from the Texas Court of Criminal Appeals in which verdicts have been found inconsistent, this Court looked to cases from the United States Supreme Court for guidance, such as *Dunn v. United States*, 284 U.S. 390, 52 S.Ct. 189, 76 L.Ed. 356 (1932). *See also United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984).

The inconsistency suggests that the jury did not follow the trial court's instruction. Whether that inconsistency is the result of leniency in sentencing, compromise, or mistake, this Court will not speculate upon. *See Ruiz*, 641 S.W.2d at 366; *United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984); *Dunn*, 284 U.S. at 393, 52 S.Ct. at 190. Rather, this Court is limited to a determination of the sufficiency of the evidence on which

the conviction was returned. The evidence previously alluded to is sufficient to support the conviction. We overrule appellant's point of error.

The judgment of the trial court is AFFIRMED.