# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-01-00309-CR

**Edward West III, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF HAYS COUNTY, 22ND JUDICIAL DISTRICT
### NO. CR-00-452, HONORABLE JACK H. ROBISON, JUDGE PRESIDING

Edward West III appeals from a conviction for aggravated assault. *See* Tex. Pen. Code Ann. ' 22.02(a) (West 1994). The indictment alleged that West Aintentionally, knowingly and recklessly cause[d] serious bodily injury . . . by use of a deadly weapon, to wit: a bat.@ The jury found West guilty of aggravated assault but failed to find affirmatively that West used or exhibited a deadly weapon. West urges that the court erred by rendering judgment on a verdict that was based on inconsistent jury findings, and asserts that the evidence is legally insufficient because of the lack of a finding that West used a deadly weapon to commit the offense. We rely on the rule announced in ***Dunn v. United States,* 284 U.S. 390, 393-94 (1932) to** affirm the district-court judgment.

## FACTUAL AND PROCEDURAL HISTORY

Sergeant Martin Espinoza, a supervisor for the Hays County Sheriff=s office, received a dispatch to report to the scene of an alleged crime on March 23, 1998. He arrived at Frank Lehman=s

R.V. and saw Lehman standing outside. He noticed lacerations on his face. Once inside Lehman=s trailer, Sergeant Espinoza noticed blood dripping down the inside of the door and front of the trailer. EMS arrived soon after and transported Lehman to the hospital. He told Sergeant Espinoza that West had assaulted him with a baseball bat; he also told an investigator, and the emergency room physician that he had been beaten with a bat. Medical records introduced at trial revealed that Lehman had several lacerations on his face and head and a crushed right eye socket.

West was indicted on two counts. Count I alleged that West had committed the offense of attempted murder. Count II charged West with aggravated assault, which was alleged in the indictment to have been committed Aby use of a deadly weapon, to wit: a bat.@ West pleaded not guilty to both counts. After a jury trial, West was acquitted as to count I and convicted as to count II. The jury also answered in the negative when asked whether West used or exhibited a deadly weapon. The trial court accepted the jury=s verdict. West was sentenced to twenty years in prison and a $5,000 fine. West urges that the trial court erred in overruling his motion for instructed verdict, and in upholding an inconsistent jury verdict finding him guilty of aggravated assault, but failing to find the use of a deadly weapon. He further asserts that this discrepancy is equivalent to a finding of legal insufficiency of the evidence based on a material variance. *See Gollihar v. State*, **46 S.W.3d 243, 246-48 (Tex. Crim. App. 2001)**.

**DISCUSSION**

*Instructed Verdict*

After the jury returned its guilty verdict, West moved for a judgment not withstanding the verdict (JNOV). There is no provision in law for a JNOV in a criminal case, however, so the trial court

2

was without authority to render such a judgment. *State v. Savage*, 933 S.W.2d 497, 499 (Tex. Crim. App. 1996). Counsel then asked for an instructed verdict. *See* Tex. Code Crim. Proc. Ann. art. 45.032 (West Supp. 2002) (ADirected Verdict@). The code is silent as to when a motion for instructed verdict may be requested, although at least one court has held that a directed verdict may be ruled on anytime after the State has rested. *See State v. Westergren*, 707 S.W.2d 260, 263 (Tex. App.CCorpus Christi 1986, no pet.). *Westergren* allowed an instructed verdict after the return of a jury verdict, designating it a JNOV. *Id.* at 263. However, since *Westergren*, the court of criminal appeals has held that a trial court does not have the authority to grant a verdict other than that rendered by the jury. The only recourse for a defendant is to file a motion requesting a new trial based on evidentiary insufficiency. *Savage*, 933 S.W.2d at 499. If a defendant requests a motion for instructed verdict or JNOV following a jury verdict, the court should treat such a motion as a motion for a new trial. *Id.*[1]

It is clear that appellant, by requesting a JNOV and then an instructed verdict, was asserting a challenge to the legal sufficiency of the evidence. *See Garcia v. State*, 17 S.W.3d 1, 2 (Tex. App.CHouston [1st Dist.] 1999, pet. ref=d). Accordingly, we will review this case as a legal sufficiency complaint, which can be brought on appeal whether or not the appellant has preserved the error at trial. *Rankin v. State*, 46 S.W.3d 899, 901 (Tex. Crim. App. 2001). Moreover, challenges to the legal

---

[1] The record reflects that West=s trial counsel filed a motion for new trial asserting that the verdict was contrary to the evidence. *See* Tex. R. App. P. 21.3. There is no indication in the record that the motion was presented or ruled on. *See* Tex. R. App. P. 21.6, 21.8.

sufficiency of evidence concerning deadly weapon findings in particular do not need to be preserved at the trial level. *Id*. at 901.

*Inconsistent Jury Verdicts or Findings*

**Where the findings of the jury are inconsistent, the court shall look only to whether the evidence is sufficient to sustain the verdict. *Dunn*, 284 U.S. at 393-94. This rule was adopted in *Dunn v. United States*, in which the United States Supreme Court held that a defendant may not attack a conviction on one count if there is sufficient evidence to support it, even though that conviction was inconsistent with an acquittal on another count in the same indictment. *Id*.** In *Dunn,* the jury convicted the defendant of maintaining a common nuisance by keeping intoxicating liquor for sale, but acquitted him of both the unlawful possession and the unlawful sale of the same liquor. ***Id*. at 391- 92. The Supreme Court reaffirmed the *Dunn* rule in *United States v. Powell,* 469 U.S. 57, 64 (1984).** In *Powell*, the defendant was convicted of facilitating narcotics offenses by telephone, although it required proof of predicate offenses of conspiracy to possess cocaine and possession of cocaine, offenses for which she was acquitted by the same jury. 469 U.S. at 60. The Court relied on *Dunn* to reject the defendant=s inconsistent verdict argument. *Id.* at 69.

Texas has applied this rule to several situations where the jury=s verdicts and findings appear to be inconsistent. *Clark v. State*, 886 S.W.2d 844 (Tex. App.CEastland 1994, no pet.);[2] *see also Ruiz v. State*, 641 S.W.2d 364 (Tex. App.CCorpus Christi 1982, no pet.).[3] Moreover, in a case similar to this one, the defendant was convicted of aggravated assault by threatening the victim with an unloaded gun. *See Sauceda v. State*, 739 S.W.2d 375, 376 (Tex. App.CCorpus Christi 1987, pet. ref=d). Despite the conviction and the fact that a handgun is a *per se* deadly weapon, the jury failed to find the use of a deadly weapon at the punishment phase of the trial. *Id.* The Thirteenth Court of Appeals, following the *Dunn* rule, affirmed the judgment of conviction. *Id.* at 376-77. Despite seemingly inconsistent findings, so long as the evidence supports the finding of guilt, the *Dunn* rule requires the trial court to accept the verdict of the jury. While the inconsistency may suggest that the jury did not follow the trial court=s instruction, the reviewing court may not speculate as to the jury=s motives. *Id.* at 376. Inconsistencies within a jury=s verdict may indicate that Athe jury did not speak their real conclusions, but that does not show that they were not convinced of the defendant=s guilt.@ *Powell*, 469 U.S. at 64 (quoting

---

[2] In *Clark*, the defendant was convicted of intent to cause bodily injury to a child and the jury found the use of a deadly weapon, his hands and feet; however, he was acquitted of intentionally causing serious bodily injury to a child. *Clark v. State*, 886 S.W.2d 844 (Tex. App.CEastland 1994, no pet.). The court rejected the defendant=s claim that his acquittal of the serious bodily injury charge was inconsistent with the jury finding of his hands and feet as a deadly weapon. *See id.* at 845. Moreover, the court noted its inquiry was limited to the legal sufficiency of the evidence. *Id.*

[3] In *Ruiz*, the court upheld an inconsistent jury verdict where the defendant was found guilty as to one count of murder and one count of attempted murder, but not guilty by reason of insanity as to three other murders, all of which had occurred in the same episode. *Ruiz v. State*, 641 S.W.2d 364, 365-66 (Tex. App.CCorpus Christi 1982, no pet.).

*Dunn*, 284 U.S. at 393).  Moreover, a jury, convinced of guilt on the compound offense, may have Athrough mistake, compromise, or lenity, arrived at an inconsistent conclusion on the lesser [predicate] offense,@ but that determination requires either Apure speculation@ or Ainquiries into the jury=s deliberations that courts generally will not undertake.@ *Id*. at 65-66.  When presented with a seemingly inconsistent finding regarding a deadly weapon, the appellate inquiry is limited solely to a determination of whether the evidence is legally sufficient to support an affirmative finding.  *See Clark*, 886 S.W.2d at 845.

*Legal Insufficiency*

Because the failure to find a deadly weapon does not have to be considered to support or refute the guilty verdict, we turn now to the legal sufficiency of the evidence presented at trial.  When reviewing the legal sufficiency of the evidence, we view the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.  *Jackson v. Virginia,* 443 U.S. 307, 324 (1979); *Johnson v. State*, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000).  The trier of fact is the exclusive judge of the credibility of the witnesses and the weight to be given their testimony.  *See Jones v. State*, 944 S.W.2d 642, 647 (Tex. Crim. App. 1996).  The jury=s verdict reflects that they believed Lehman=s testimony that West assaulted him with a bat.  Given the damage to his face and scalp, coupled with the blood splatterings found by Sergeant Espinoza and investigators in his trailer, a reasonable trier of fact could conclude that a deadly weapon, such as a bat, was used.  Moreover, the fracture of Lehman=s right eye socket, for which Lehman had to undergo surgery,

6

further supports the conclusion that a heavy, blunt object such as a bat was used in the assault. Indeed, Dr. Whisenant, the emergency room physician who treated Lehman, testified that an injury such as the one suffered by Lehman was typically caused by the force of a blunt object. Given the evidence as a whole, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson,* 443 U.S. at 324; *Chambers v. State*, 866 S.W.2d 9, 15 (Tex. Crim. App. 1993). West argues that the failure of the jury to find the use or exhibit of a deadly weapon created a material or fatal variance between the indictment and the proof offered at trial. *See Gollihar*, 46 S.W.3d at 246-47. A variance occurs where the evidence introduced by the State fails to prove the offense alleged in the indictment; that is, a discrepancy exists between the allegations in the charging instrument and the proof at trial. *Id.* at 246. In a variance situation, the State has proven the defendant guilty of a crime, but has proven its commission in a manner that *differs* from the allegations in the charging instrument. *Id.* Thus, the evidence may be legally insufficient to sustain the conviction as alleged. *Id*. at 246-47. Here, the State=s proof was consistent with the offense as alleged in the indictment. As the proof offered at trial was legally sufficient to establish the charge of aggravated assault as alleged in the indictment, there was no variance. Moreover, because the evidence is sufficient to sustain the guilty verdict alone, this Court does not have to consider the apparently inconsistent failure to find use of a deadly weapon, according to the *Dunn* rule.

## CONCLUSION

The evidence in this case is sufficient to support West=s conviction for aggravated assault as alleged. According to the *Dunn* rule, we look no further than the verdict itself. The

7

**evidence is legally sufficient to support the judgment of the trial court; accordingly, we affirm the**

**judgment of conviction.**


                                        Bea Ann Smith, Justice

Before Chief Justice Aboussie, Justices B. A. Smith and Yeakel

Affirmed

Filed:   June 13, 2002

Do Not Publish