NUMBER 13-01-464-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
ROBERT SANCHEZ,                                                                    Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the County Court at Law No. 1 
                                      of Nueces County, Texas.




M E M O R A N D U M O P I N I O N

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Chief Justice Valdez
            After a jury trial, appellant, Robert Sanchez, was convicted of gambling promotion. 
The jury assessed punishment at one year imprisonment and a $1,000.00 fine. Appellant’s
sentence was suspended, and he was released on community supervision. Appellant
raises the following three issues on appeal: (1) the evidence was legally insufficient to
support his conviction; (2) the evidence was factually insufficient to support his conviction;
and (3) the trial court erred by allowing improper jury argument. We affirm.
I. FACTUAL AND PROCEDURAL HISTORY
          On May 26, 2000, a five count complaint and information was filed in Nueces
County, Texas charging appellant with various gambling offenses. Specifically, appellant
was charged with: (1) intentionally or knowingly participating in the earnings of a gambling
place (Count I);


 (2) intentionally or knowingly participating in gambling promotion by
becoming a custodian, for gain, of a thing of value bet or offered to be bet (Count II);


 (3)
knowingly keeping a gambling place by using a building or room, to make or settle bets
(Count III);


 (4) knowingly possessing a gambling device (Count IV);


 and (5) knowingly
possessing gambling paraphernalia (Count V).


 
          On February 12, 2001, appellant’s trial began before a jury. After presentation of
the State’s case, the trial judge granted appellant’s motion for an instructed verdict on
counts I, III, IV, and V. The State was allowed to proceed on Count II, gambling promotion,
and the jury returned a guilty verdict on February 14, 2001. On April 4, 2001, appellant
filed a motion for new trial, and it was heard on April 18, 2001. The court denied the
motion on May 15, 2001; thereafter, appellant filed a notice of appeal on May 17, 2001.
          On August 22, 2002, this Court reversed appellant’s conviction and entered a
judgment of acquittal.


 The State filed a petition for discretionary review on October 24,
2002, and the Texas Court of Criminal Appeals granted review on January 29, 2003. On
July 2, 2003, the court of criminal appeals vacated this Court’s decision and remanded the
case for further consideration.



          As this is a memorandum opinion and the parties are familiar with the facts, we will
not recite additional facts here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. ANALYSIS
A. Sufficiency of the Evidence
          In his first two issues, appellant contends that the evidence is legally and factually
insufficient to support his conviction. A person commits the offense of gambling promotion
if he “intentionally or knowingly, for gain, becomes the custodian


 of anything of value bet



or offered to be bet.” Tex. Pen. Code Ann. § 47.03(a)(3) (Vernon 2003). The standards
of review for challenges to the legal and factual sufficiency of the evidence are well-settled. 
See Coleman v. State, 131 S.W.3d 303, 307-08 (Tex. App.–Corpus Christi 2004, no pet.). 
Accordingly, we will not recite them here. See Tex. R. App. P. 47.4. 1. Legal Sufficiency
          The record reflects, in summary, the following evidence in support of appellant’s
conviction: (1) appellant referred to Slots of Luck as his place and demonstrated intimate
knowledge about its operation and licensing procedure; (2) Delia Barrera, the person in
charge during the execution of the search warrant at Slots of Luck, testified that appellant
was her supervisor and that he came in two or three times weekly to oversee the business;
(3) the social security number on the account referenced by the bank deposit slips, labeled
Slots of Luck, seized on the scene matched appellant’s; (4) appellant had control and
custody of the Slots of Luck bank account; (5) Officer Steven Day testified that all thirty
machines seized from the Slots of Luck operated purely on chance, money was required
to play, and winnings were redeemed in the form of gift certificates or credits on other
machines;


 and (6) Officer Scott Wilson testified that the “tally sheets” seized at Slots of
Luck indicate that appellant “participated in the profits made from operation of the
machines.” This evidence is legally sufficient to support the verdict, and we overrule
appellant’s contention. 
          Appellant further contends that his conviction should not stand because: 
 
by dismissing Counts I, [III]


, IV, and V, this Court has essentially ruled that
the Appellant Robert Sanchez was not in possession, custody or control of
slots of luck or the 8-liner machines. It is therefore incongruous to find him
guilty of being custodian of U.S. currency obtained from bets supposedly
derived from that place of business or from those gambling devices or
machines. 

In effect, appellant is asking us to find the evidence legally insufficient because the trial
court's directed verdict on Counts I, III, IV and V and his conviction on Count II are
inconsistent. However, appellate review of apparently inconsistent verdicts is limited to
determining whether there is sufficient evidence to support the charge on which a
conviction is returned; what the fact finder did with the remainder of the charge is
immaterial. Dunn v. United States, 284 U.S. 390 (1932); Jackson v. State, 3 S.W.3d 58,
61-62 (Tex. App.–Dallas 1999, no pet.). Even where an inconsistent verdict might have
been the result of compromise or mistake, the verdict should not be upset by appellate
speculation or inquiry into such matters. United States v. Powell, 469 U.S. 57, 64-67
(1984); Ruiz v. State, 641 S.W.2d 364, 366 (Tex. App.–Corpus Christi 1982, no pet.). 
          When viewed in the light most favorable to the verdict, we conclude that a rational
trier of fact could have found the requisite elements of gambling promotion. See Malik v.
State, 953 S.W.2d 234, 236-37 (Tex. Crim. App. 1997). Accordingly, we overrule
appellant’s first issue.
2. Factual Sufficiency
          Appellant offered evidence and alternative theories to rebut the State’s case. 
Specifically, appellant asserted, in summary, that: (1) he was not the “custodian” of
anything of value bet or offered to be bet; (2) the eight-liner machines at the Slots of Luck
were used purely for entertainment, and all prizes were de minimus in value; (3) he was
unaware the operation of the machines was illegal, as all applicable State-issued permits
and licenses were current and properly posted; (4) the State offered no evidence that the
monies in the bank account were derived from bets or currency from bets; and (5) beyond
operation of the eight-liner machines, Slots of Luck sold “food and drinks,” and some or all
the money evidenced in the bank account could have derived from that source.


 
          On the contrary, Barrera’s testimony, as well as evidence linking appellant to the
establishment’s bank account, tends to show appellant was custodian of the machines in
Slots of Luck. Day’s testimony showed winnings were redeemed in the form of credits or
gift certificates. Wilson’s testimony showed appellant participated in the profits made from
operation of the machines at Slots of Luck. Although appellant offered evidence
contradictory to the State’s case, it is well within the province of the jury to judge the
veracity and truthfulness of the witnesses before it and deduce the truth. In addition, the
penal code does not require that the offender know the operation of the eight-liners is
illegal. 
          We conclude that the evidence supporting the conviction for gambling promotion is
not so obviously weak as to be clearly wrong and manifestly unjust or greatly outweighed
by contrary proof. See Wheaton v. State, 129 S.W.3d 267, 272 (Tex. App.–Corpus Christi
2004, no pet.). Accordingly, we overrule appellant’s second issue.
B. Improper Jury Argument
           In his third issue, appellant contends the State improperly commented on his right
not to testify. An accused’s right not to testify shall not be taken as circumstances against
him, nor shall it be alluded to or commented on by counsel in the case. Bird v. State, 527
S.W.2d 891, 893 (Tex. Crim. App. 1975). Such comment is in violation of the privilege
against self-incrimination contained in Article I, Section 10 of the Texas Constitution. Id. 
Further, a comment on an accused's failure to testify may also be a violation of the
self-incrimination clause of the Fifth Amendment, which is made applicable to the states
by virtue of the Fourteenth Amendment. See Griffin v. California, 380 U.S. 609, 615
(1965). 
          However, to complain on appeal, appellant must have properly preserved the error
in the trial court. Cockrell v. State, 933 S.W.2d 73, 89 (Tex. Crim. App. 1996). The proper
method to preserve error is to: (1) make a timely objection and secure a ruling; (2) if the
objection is sustained, request the trial court to instruct the jury to disregard the statement;
and (3) if the instruction is given, move for a mistrial. See Coe v. State, 683 S.W.2d 431,
436 (Tex. Crim. App. 1984); Tex. R. App. P. 33.1. Texas law provides an exception to this
rule if the error complained of is considered fundamental; however, the right to remain
silent is not considered so fundamental as to require this special protection. Wheatfall v.
State, 882 S.W.2d 829, 836 (Tex. Crim. App. 1994). 
          The record reflects that after objecting to the complained-of comments, appellant
requested the court to instruct the jury to disregard the statements. The court did not
expressly rule on appellant’s objection; however, by admonishing the jury to disregard the
complained-of comments, the court implicitly sustained the objection. Nonetheless,
appellant failed to move for a mistrial and allowed the trial to continue without further
complaint or objection. Appellant accepted the court’s instruction as a cure for any
proposed error. See Cook v. State, 858 S.W.2d 467, 473 (Tex. Crim. App. 1993) (When 
appellant has been given all the relief requested at trial, there is nothing to complain of on
appeal). Thus, appellant waived his right to complain of the proposed error on appeal. 
Accordingly, we overrule appellant’s third issue.
III. CONCLUSION
          We affirm the judgment of the trial court. 
                        
          

                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

 

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 10th day of November, 2004.