Rodriguez v. SOT















NUMBER 13-02-00715-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

ROSENDO RODRIGUEZ, JR.,                                                     Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 206th District Court of Hidalgo County, Texas.
                                                                                                                       

MEMORANDUM OPINION
 
Before Justices Hinojosa, Yañez, and Castillo
Memorandum Opinion by Justice Hinojosa

            In a single indictment, appellant, Rosendo Rodriguez, Jr., was charged with one
count of attempted capital murder and one count of murder. The jury found him not guilty
of murder, but found him guilty of attempted capital murder and assessed his punishment
at fifteen years’ imprisonment. The trial court has certified that this case “is not a plea-bargain case, and the [appellant] has the right of appeal.” See Tex. R. App. P. 25.2(a)(2). 
In a single point of error, appellant contends the trial court erred in entering a judgment with
an affirmative finding of the use of a deadly weapon because the jury’s verdict was
inconsistent and irreconcilable with the facts and law as presented in this case. We affirm. 
A. Factual Background
          During the evening of January 27, 2002, Esau Romero, Carlos Armando Villarreal,
Juan Antonio Quintero, Jose Luis Quintero, Mario Alvarez, Inocente Pompa, and Juan
Pablo Sandoval were gathered in the front yard of Juan Sandoval’s home, talking and
drinking beer, when a blue truck passed by and opened fire on the group of men. One
man was struck by a bullet and another one was grazed. Two other men started to follow
the truck in a white Camaro, but returned to the Sandoval home where it was discovered
that one of the men, Esau Romero, was dead. Appellant was charged with the murder of
Esau Romero and the attempted capital murder of Carlos Armando Villarreal, Jose Luis
Quintero, Mario Alvarez, and Juan Sandoval.
B. Legal Sufficiency 
          Where a multi-count verdict appears inconsistent, the appellate inquiry is limited to
a determination of whether the evidence is legally sufficient to support the counts on which
a conviction is returned. United States v. Powell, 469 U.S. 57, 64-67 (1984); Dunn v.
United States, 284 U.S. 390, 393-94 (1932); Sauceda v. State, 739 S.W.2d 375, 376-77
(Tex. App.–Corpus Christi 1987, pet. ref’d) (quoting Ruiz v. State, 641 S.W.2d 364, 366
(Tex. App.–Corpus Christi 1982, no pet.)). Inconsistent verdicts do not require reversal for
legal insufficiency. Jackson v. State, 3 S.W.3d 58, 60 (Tex. App.–Dallas 1999, no pet.)
(citing Dunn, 284 U.S. at 393-94). As long as the evidence is sufficient to support the
conviction, what the fact finder did with the remainder of the charge is immaterial. Jackson,
3 S.W.3d at 62 (citing Powell, 469 U.S. at 64-67); Ruiz, 641 S.W.2d at 366.
          In a legal sufficiency review, this Court must examine the evidence presented in the
light most favorable to the verdict and determine whether any rational trier of fact could
have found the essential elements of the offense beyond a reasonable doubt. Jackson v.
Virginia, 443 U.S. 307, 319 (1979); Young v. State, 14 S.W.3d 748, 753 (Tex. Crim. App.
2000). In making this determination, the reviewing court considers all the evidence
admitted that will sustain the conviction, including properly and improperly admitted
evidence. Conner v. State, 67 S.W.3d 192, 197 (Tex. Crim. App. 2001). Questions
concerning the credibility of the witnesses and the weight to be given their testimony are
to be resolved by the trier of fact. Mosley v. State, 983 S.W.2d 249, 254 (Tex. Crim. App.
1998). Evidence is not rendered insufficient when conflicting evidence is introduced. 
Matchett v. State, 941 S.W.2d 922, 936 (Tex. Crim. App. 1996). The reviewing court must
assume that the fact finder resolved conflicts, including conflicting inferences, in favor of
the verdict, and must defer to that resolution. Id.
          On appeal, we measure the legal sufficiency of the evidence by the elements of the
offense as defined by a hypothetically correct jury charge for the case. Malik v. State, 953
S.W.2d 234, 240 (Tex. Crim. App. 1997); Wheaton v. State, 129 S.W.3d 267, 271 (Tex.
App.–Corpus Christi 2004, no pet.) (en banc). This hypothetically correct jury charge
would set out the law, be authorized by the indictment, not necessarily increase the State’s
burden of proof or necessarily restrict the State’s theories of liability, and adequately
describe the particular offense for which the defendant was tried. Malik, 953 S.W.2d at
240; see Curry v. State, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000) (“We believe the ‘law’
as ‘authorized by the indictment’ must be the statutory elements of the offense . . . as
modified by the charging instrument.”).
          A person commits the offense of attempted capital murder if, with the specific intent
to commit a capital murder, he does an act amounting to more than mere preparation that
tends but fails to effect the commission of the offense intended. See Tex. Pen. Code Ann.
§ 15.01(a) (Vernon 2003). A person commits the offense of capital murder if he
intentionally or knowingly causes the death of more than one person during the same
criminal transaction. See Tex. Pen. Code Ann. §§ 19.02(b)(1), 19.03(a)(7)(A) (Vernon
2003 & Supp. 2004). The indictment alleges that appellant intentionally and knowingly
attempted to cause the deaths of Carlos Armando Villarreal, Jose Luis Quintero, Mario
Alvarez, and Juan Sandoval by shooting at them with a firearm, and all attempts were
committed during the same criminal transaction, amounting to more than mere preparation
that tended but failed to effect the commission of the offense intended. 
          It is undisputed that Juan Quintero, Jose Luis Quintero, Esau Romero, Carlos
Armando Villarreal, Mario Alvarez, Inocente Pompa, and Juan Pablo Sandoval were in the
front yard of Sandoval’s house on the evening of January 27, 2002. Elizabeth Alvarez
testified that on January 27, 2002, she was across the street from the Sandoval house
attending a birthday party when she observed a truck pass by with its lights off. She then
observed the truck pass by a second time and begin shooting at the Sandoval house. 
Elizabeth testified that Jose Luis Quintero was shot, and Juan Quintero and Esau Romero
got in a white Camaro and began to chase the truck. She “saw some shooting, like to the
back of the Camaro, and that’s where Saul


 got shot in eye.” Elizabeth saw appellant
shooting from the passenger side of the truck. Appellant’s brother, Carlos Rodriguez, was
driving the truck. Elizabeth testified she did not see anyone else shooting.
          Inocente Pompa and Juan Quintero both testified that they saw a blue truck drive
by with its lights off and begin shooting. Both witnesses identified appellant as the shooter,
and the weapon as a long black gun, “like an Uzi.” 
          Sandra Range, a crime scene specialist with the Hidalgo County Sheriff’s Office,
testified that she recovered two empty bullet casings from the bed of the blue Chevy truck,
one 7.62 X 39 and one Winchester .45 automatic. She also recovered one 7.62 X 39 live
round and two Winchester .45 automatic live rounds. The blue truck was stolen and there
were multiple bullet holes on the passenger side of the truck. Joel Castro, another crime
scene specialist with the Sheriff’s Office, testified that he recovered 55 to 60 casings from
the crime scene, most of which were 7.62 X 39 casings and some were .45 caliber casings.
          Viewing the evidence in the light most favorable to the verdict and measuring it
against the essential elements of the offense of attempted capital murder, as defined by
the hypothetically correct jury charge, we conclude that a rational trier of fact could have
found beyond a reasonable doubt that appellant attempted to cause the deaths of Carlos
Armando Villarreal, Jose Luis Quintero, Mario Alvarez, and Juan Sandoval by shooting at
them with a firearm, and all attempts were committed during the same criminal transaction,
amounting to more than mere preparation that tended but failed to effect the commission
of the offense intended. Accordingly, we hold the evidence is legally sufficient to support
appellant’s conviction for attempted capital murder.
C. Affirmative Finding of Deadly Weapon Use 
          Appellant also contends that because the State decided to have the trial court
charge the jury only under the law of parties, the State must prove beyond a reasonable
doubt that appellant personally used the deadly weapon to support a deadly weapon
affirmative finding. However, the jury charge shows that the jury was instructed it could find
appellant guilty of attempted capital murder either as a party or as a principal. 
Furthermore, an affirmative finding of the use of a deadly weapon is permitted based on
a determination that the defendant used or exhibited the deadly weapon or was a party to
the offense and knew that a deadly weapon would be used or exhibited. Tex. Code Crim.
Proc. art. 42.12 § 3g(a)(2) (Vernon Supp. 2004). Because the evidence is legally
sufficient to support appellant’s conviction of attempted capital murder with a firearm, we
find appellant’s contention is without merit.
          Appellant further contends that “although the word ‘firearm’ was properly defined in
the first part of the special issue submitted to the jury, the term was not incorporated into
the application paragraph of the special issue,” and “absent the incorporation of the term
‘firearm’ into the application paragraph of the special issue submission, the jury could not
find that the Appellant had personally used or exhibited a deadly weapon.” However,
appellant has failed to cite any case law or authority for this contention. Thus, he has
waived this issue. See Tex. R. App. P. 38.1(h).
          Appellant’s sole point of error is overruled. The judgment of the trial court is
affirmed.
                                                                           FEDERICO G. HINOJOSA
                                                                           Justice

Do not publish. See Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered and filed this
the 18th day of November, 2004.