Francisco Javier LEAL, Appellant,

v.

The STATE of Texas, Appellee.

NUMBER 13–13–00712–CR

Court of Appeals of Texas,
Corpus Christi-Edinburg.

Delivered and filed April 20, 2017
Rehearing Overruled July 18, 2017

Hon. Alfredo Morales Jr., Attorney at Law, P. O. Box 52942, McAllen, TX 78505, for Appellant.

Hon. Glenn W. Deviño, Assistant District Attorney, 100 N. Closner, 4th Floor, Edinburg, TX 78539, for Appellee.

Before Justices Contreras, Benavides, and Longoria

## MEMORANDUM OPINION

Memorandum Opinion by Justice Longoria

Appellant Francisco Javier Leal was convicted of robbery, see TEX. PENAL CODE ANN. § 29.02 (West, Westlaw through 2015 R.S.), and aggravated assault. See id. § 22.02 (West, Westlaw through 2015 R.S.). On appeal, Leal asserts that the evidence was legally insufficient to support the jury's verdict on the offense of aggravated assault because the jury specifically found that he did not use a deadly weapon. We affirm.

## I. BACKGROUND

Crystal Arambula testified that on March 31, 2010, she was on her way to McAllen High School. Because she lacked a parking permit, she parked on a public street across from the school building. Upon exiting her vehicle, Leal confronted her and demanded that she give him her keys. A struggle over the keys ensued, in which Arambula's hand was cut. Her finger was so swollen from the altercation that the ring she was wearing would later have to be cut off. While Leal and Arambula were grappling for control of the keys, Ernestina Chapa drove by and noticed the two engaging each other. Chapa testified that she began honking her horn because Arambula appeared very scared.

After Chapa began honking, Leal let go of Arambula and headed straight for Chapa. According to Chapa, Leal opened her driver-side door and tried to force her from the vehicle. Because she was pregnant at the time, Leal had difficulty removing her from the vehicle. Regardless, he continued to pull at her shirt and her hair, and then he pulled out a knife. Chapa testified that the knife blade was approximately four inches long.

During the tussle with Chapa, Erick Gonzalez, another student of McAllen High School and a member of the school's ROTC program, also passed by. Gonzalez testified that he commanded Leal to leave Chapa alone. Leal lunged at Gonzalez with the knife still in his hand but then immediately retreated and rode away on his bike. Leal was taken into custody more than three years later by federal authorities upon crossing back into the United States from Mexico.

Leal was charged by indictment with two counts of aggravated robbery and one count of robbery. More specifically, the State alleged that Leal committed aggravated robbery against Gonzalez and Chapa (counts one and two, respectively). The State also alleged that Leal committed robbery against Arambula, causing bodily injury (count three). The jury found Leal not guilty on count one, guilty of the lesser included offense of aggravated assault on count two, and guilty of the offense of robbery on count three. However, special issue number one in the jury charge asked about Leal's use of a deadly weapon; the jury found that he did not use a deadly weapon. The jury sentenced Leal to ten years' imprisonment for aggravated assault and eight years' imprisonment for robbery, both sentences to run concurrently. This appeal followed.[1]

1. Leal filed a notice of appeal on November 4, 2013. However, his counsel never filed a brief

## II. Legal Sufficiency

In his sole issue on appeal, Leal argues that the evidence is legally insufficient to support his conviction for the lesser-included offense of aggravated assault.

### A. Standard of Review and Applicable Law

■ In order to determine if the evidence is legally sufficient in a criminal case, the appellate court reviews all of the evidence in the light most favorable to the verdict and determines whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Brooks v. State*, 323 S.W.3d 893, 905 (Tex. Crim. App. 2010) (plurality op.) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). We give great deference to the trier of fact and assume the factfinder resolved all conflicts in the evidence in favor of the verdict. *Laster v. State*, 275 S.W.3d 512, 517 (Tex. Crim. App. 2009). We will uphold the verdict unless the factfinder "must have had reasonable doubt as to any essential element." *Laster*, 275 S.W.3d at 517.

■ Sufficiency is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). Such a charge in this case would state that a person commits the offense of assault if the person intentionally or knowingly threatens another with imminent bodily injury; or if the person intentionally, knowingly or recklessly causes bodily injury to another. *See* Tex. Penal Code Ann. § 22.01(a)(1), (2) (West, Westlaw through 2015 R.S.). Furthermore, it would state that a person commits the offense of aggravated assault if, during the

commission of an assault, the person uses or exhibits a deadly weapon. *See id.* § 22.02(a)(2).

### B. Discussion

■ Leal does not dispute that he was brandishing a knife during the assault. Rather, Leal asserts that because the jury specifically found that he had not used or exhibited a deadly weapon, the only way the State could prove an aggravated assault is if the victim sustained serious bodily injury. *See id.* § 22.02(a)(1). And according to Leal, the record establishes that Chapa did not suffer serious bodily injury. On the other hand, even though the State admits that the jury answered 'no' on the deadly weapon special issue, the State argues that legal sufficiency is not undermined because of inconsistencies in the verdict alone. *See United States v. Powell*, 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). We agree with the State.

The facts in this case are very similar to another case from this Court. *See Sauceda v. State*, 739 S.W.2d 375, 376 (Tex. App.–Corpus Christi 1987, pet. ref'd). In *Sauceda*, the defendant was convicted of aggravated assault even though the jury answered in the negative on the special issue regarding whether he used or exhibited a deadly weapon. *See id.* We then noted that "[w]hether that inconsistency is the result of leniency in sentencing, compromise, or mistake, this Court will not speculate upon. Rather, this Court is limited to a determination of the sufficiency of the evidence on which the conviction was returned." *Id.* (internal citations omitted); *see also Powell*, 469 U.S. at 61, 105 S.Ct. 471 (observing that inconsistent verdicts in criminal trials need not be set aside be-

and no other activity occurred with this appeal until November 16, 2016. On that day, this Court abated the appeal and remanded

the case to the trial court to determine if Leal wished to continue his appeal, after which Leal and the State both submitted briefs.

cause they may be viewed as a demonstration of the jury's leniency); *Ruiz v. State*, 641 S.W.2d 364, 366 (Tex. App.–Corpus Christi 1982, no pet.) ("Where a multi-count verdict appears inconsistent, the appellate inquiry is limited to a determination of whether the evidence is legally sufficient to support the counts on which a conviction is returned."). Thus, we will ignore any actual or possible inconsistencies between special issues and the verdict, and instead focus on determining whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Powell*, 469 U.S. at 61, 105 S.Ct. 471; *Brooks*, 323 S.W.3d at 905; *Sauceda*, 739 S.W.2d at 376.

Chapa testified that Leal brandished a four-inch knife while attacking her. A deadly weapon is "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." Tex. Penal Code Ann. § 1.07(17)(B). To determine whether a specific object is a deadly weapon, a jury may consider "(1) the physical proximity between the alleged victim and the object, (2) any threats or words used by the accused, (3) the size and shape of the object, (4) the potential of the object to inflict death or serious injury, and (5) the manner in which the accused allegedly used the object." *Kennedy v. State*, 402 S.W.3d 796, 802 (Tex. App.–Fort Worth 2013, pet. ref'd). We conclude that the evidence cited above supports the conviction for aggravated assault. *See Brooks*, 323 S.W.3d at 905. We overrule Leal's sole issue.

### III. Conclusion

We affirm the trial court's judgment.