Jorge Salinas **CARRILLO**, Appellant,

v.

**The STATE of Texas, Appellee.**

**No. 14–96–00028–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 31, 2000.

J. Sidney Crowley, Houston, for appellants.

William J. Delmore, III, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, ANDERSON, and LEE.*

**OPINION ON REMAND**

NORMAN LEE, Justice (Assigned).

Appellant was convicted of possession of cocaine, with intent to deliver more than 400 grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a) (Vernon Supp. 2000). We affirm the judgment.

The jury found appellant guilty of the felony cocaine possession charge and as-

___

* Senior Justice Norman Lee sitting by assign-    ment.

sessed punishment at eighteen years in prison and a fine of $20,000. He appealed to this court, on grounds that the State failed to comply with the procedural requirements of article 21.25 of the Code of Criminal Procedure [1] in substituting a copy of a lost or mislaid indictment. Appellant argued that this failure deprived the court below of jurisdiction. Agreeing, a panel of this court reversed the judgment and remanded the case. *See Carrillo v. State*, 962 S.W.2d 719 (Tex.App.-Houston [14th Dist.] 1998). Upon the State's petition for discretionary review, the Court of Criminal Appeals determined that the loss of an indictment after presentment and the State's subsequent failure to comply with the procedural requirements of article 21.25 did not divest the trial court of jurisdiction. *See Carrillo v. State*, 2 S.W.3d 275, 276–77 (Tex.Crim.App.1999). The Court of Criminal Appeals reversed the judgment of this court and remanded the case for reconsideration.

■ On remand, the issue before us remains whether the court below committed reversible error when it proceeded to trial upon a lost or mislaid indictment when the state failed to comply with article 21.25. We determine that appellant failed to preserve his complaint about the State's failure to comply with the article.

■ To preserve a complaint for appellate review, the complaining party must not only make a request, objection, or motion to the trial court, the request must be timely. *See* TEX.R.APP. P. 33.1(a)(1); *Credille v. State*, 925 S.W.2d 112, 115–16 (Tex.App.-Houston [14th Dist.] 1996, pet. ref'd) (complaint about voir dire raised in motion for new trial not timely). Fairness requires the complaining party to raise the

complaint when it is possible to correct the error. *See Credille*, 925 S.W.2d at 115–16.

In the court below, on November 6, 1995, before voir dire but after the reading of the indictment, appellant complained that the court's file contained no original indictment and that this omission deprived the trial court of jurisdiction. He also complained that there was no evidence offered to show that appellant had, in fact, been indicted. The State acknowledged that the original indictment was missing from the file but offered to file a duplicate of the indictment with the court. The record of the court below shows that the next day, November 7, the State filed the duplicate, marked "INDICTMENT (STATE'S COPY)," signed by the foreman of the grand jury. The court's file also contains an Order of Presentation of Indictments, which shows that appellant was indicted in cause No. 695595 for possession of a controlled substance with intent to distribute. The record shows that the court inspected the indictment and ordered it filed and recorded in the court's minutes. The record does not reveal that appellant objected.

After the case proceeded to verdict, appellant moved for a new trial. It was in this new-trial motion that appellant first raised the issue of the State's failure to comply with the procedural requirements of article 21.25, that is, the failure to timely file a written suggestion of substitution. On appeal, both originally and on remand, appellant complains only about the state's failure to follow article 21.25 procedure.

At the reading of the indictment, appellant complained only about the lack of an original indictment and the lack of evi-

1. Article 21.25 provides as follows:

When an indictment or information has been lost, mislaid, mutilated or obliterated, the district or county attorney may suggest the fact to the court; and the same shall be entered upon the minutes of the court. In such case, another indictment or information may be substituted, upon the written statement of such attorney that it is sub-

stantially the same as that which has been lost, mislaid, mutilated, or obliterated. Or another indictment may be presented, as in the first instance; and in such case, the period for the commencement of the prosecution shall be dated from the time of making such entry.
TEX.CODE CRIM. PROC. ANN. art. 21.25 (Vernon 1989).

dence demonstrating that he, in fact, had been indicted. Appellant's complaint about article 21.25 procedural difficulties arose only at the new-trial hearing, too late for the State to take corrective actions. Appellant failed to preserve his complaint about the State's failure by not timely objecting when the State could have corrected its deficiency, after the indictment was read and before voir dire. *See Credille*, 925 S.W.2d at 115–16.

The only trial complaint appellant raised before voir dire was a complaint about the lack of trial court jurisdiction and an evidentiary complaint, which was not brought forward on appeal. Although a complaint about a trial court's lack of subject-matter jurisdiction can be raised at any point in the proceedings, *Mercado v. State*, 718 S.W.2d 291, 296 (Tex.Crim.App. 1986), the Court of Criminal Appeals has determined that the presentment of the indictment vests the trial court with jurisdiction, *see Carrillo*, 2 S.W.3d at 277–78 (citing Tex. Const. art. V, § 12). The subsequent loss of the indictment and the state's failure to comply with article 21.25 does not divest the trial court of its previously vested jurisdiction. *See id.*

Having determined that appellant failed to preserve his appellate complaint by failing to timely object, we affirm the trial court's judgment.