NUMBER 13-04-00547-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI B EDINBURG

 

RICARDO PEREZ IBARRA,                                                              Appellant,

 

                                                             v.

 

THE STATE OF TEXAS,                                                                    Appellee.

 

   On appeal from the 197th District Court of Cameron County,
Texas.

 

                       MEMORANDUM OPINION

 

    Before Chief Justice Valdez and Justices Hinojosa and
Rodriguez

                         Memorandum
Opinion by Justice Hinojosa

 








A jury found appellant, Ricardo Perez Ibarra,
guilty of the offenses of murder and aggravated assault and assessed his
punishment at twenty-five years= imprisonment for the murder and twenty
years= imprisonment for the aggravated
assault.  The trial court has certified
that this is not a plea bargain case, and appellant has the right of
appeal.  See Tex. R. App. P. 25.2(a)(2).  In four issues, appellant contends (1) his
murder conviction must be overturned because the record does not reflect a
murder count, (2) his Sixth Amendment right to confront a witness was violated,
(3) the evidence is factually insufficient to support his conviction because a
reasonable difference of opinions between experts exists as to the cause of the
victim=s death, and (4) his convictions should be
reversed because of the jury=s erroneous return of a Anot guilty@ verdict to the lesser included offense of
assault.  We affirm.

The issues of law presented by this case are
well settled and the parties are familiar with the facts.  Therefore, we will not recite the law and
facts in this opinion except as necessary to advise the parties of the Court=s decision and the basic reasons for
it.  See Tex. R. App. P. 47.4.

                                         A.  Missing
Portions of Indictment

In his first issue, appellant contends his murder
conviction should be set aside because several pages of the indictment were
missing from the record at the beginning of the trial.  Specifically, appellant argues that the State
failed to comply with the requirements of article 21.25 of the Texas Code of
Criminal Procedure,[1]
and thus, the trial court had no jurisdiction over the murder charge.








To preserve a complaint for appellate
review, the complaining party must not only make a request, objection, or
motion to the trial court, the request must be timely.  See Tex.
R. App. P. 33.1(a)(1); Carrillo v. State, 29 S.W.3d 262, 263
(Tex. App.BHouston [14th Dist.] 2000, pet. ref=d). 
Fairness requires the complaining party to raise the complaint when it
is possible to correct the error.  Carrillo,
29 S.W.3d at 263.

The record reflects that after voir dire,
but prior to the reading of the indictment, appellant complained that only a
portion of the original indictment was in the court=s record. 
The trial court explained that the clerk=s office had been scanning the files and did
not put them back in proper order; however, attached to the partial indictment
was the scanned version of the indictment, and the trial court would have the
State read from the scanned version. 
Appellant complained, AI have no way of knowing B what I have there is what is in the file,@ and requested that he be arraigned only on
what was in the file.  The trial court
then explained that the scanned version of the indictment Ais in the court=s file, and that came from the court=s file.@ 
Appellant then asked that he be arraigned only on whatever counts are
left in the indictment.  The trial court
overruled appellant=s objection, the scanned version of the
indictment was read, and appellant was arraigned. 

At trial, appellant complained only about
the missing pages from the original indictment. 
Appellant did not object that the State failed to comply with article
21.25.  Because appellant failed to
timely object on this ground, he failed to preserve this complaint for
review.  See Tex. R. App. P. 33.1(a)(1).








Furthermore, although a complaint about a
trial court=s lack of subject matter jurisdiction can be
raised at any time, Mercado v. State, 718 S.W.2d 291, 296 (Tex. Crim.
App. 1986), the presentment of the indictment vests the trial court with
jurisdiction.  See Carrillo, 29
S.W.3d at 277-78 (citing Tex. Const. art.
V, ' 12). 
The subsequent loss of the indictment and the State=s failure to comply with article 21.25 does
not divest the trial court of its previously vested jurisdiction.  See id. 
Appellant=s first issue is overruled.     

                                              B.  Right
to Confront Witness

In his second issue, appellant contends his
Sixth Amendment right to confront a witness was violated when the trial court
denied him the opportunity to cross-examine a witness regarding a collateral
civil lawsuit.  See U.S. Const. amend. VI.  However, as a prerequisite to presenting a
complaint for appellate review, the record must show that the complaint was
made to the trial court by a timely request, objection, or motion.  See Tex.
R. App. P. 33.1(a)(1)(A).  The
complaint must have stated the grounds for the ruling that the complaining
party sought from the trial court, with sufficient specificity to make the
trial court aware of the complaint, unless the specific grounds were apparent
from the context.  Id.  Because appellant failed to object on the
basis that his Sixth Amendment right to confront was violated, we conclude he
has waived this argument on appeal.  See
Wright v. State, 28 S.W.3d 526, 537 (Tex. Crim. App. 2000) (concluding
constitutional issues can be waived).  

                                                     C.  Factual
Sufficiency








In his third issue, appellant complains the
evidence is factually insufficient to support his conviction for murder because
there exists a reasonable difference of opinion between the experts as to the
cause of the victim=s death. 
Specifically, he contends that when two theories of a case are equally
plausible, the State is required to provide proof that eliminates any
reasonable doubt regarding a defendant=s alternate theory.

In reviewing the factual sufficiency of the
evidence, we are not bound to view the evidence in the light most favorable to
the prosecution, and may consider the testimony of defense witnesses and the existence
of alternative hypotheses.  See Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State,
922 S.W.2d 126, 134 (Tex. Crim. App. 1996). 
However, the mere existence of a reasonable alternative hypothesis does
not render the evidence factually insufficient. 
Goodman v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001).  We consider all of the evidence in the record
related to the appellant's sufficiency challenge, comparing the weight of the
evidence that tends to prove guilt with the evidence that tends to disprove
it.  See Santellan v. State, 939
S.W.2d 155, 164 (Tex. Crim. App. 1997). 
We are not free to reweigh the evidence and set aside a jury verdict
merely because we believe that a different result is more reasonable.  See Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App. 1997); Clewis, 922 S.W.2d at 135.  We set aside the verdict and remand for a new
trial only if (1) the evidence is so weak as to be clearly wrong and manifestly
unjust or (2) the verdict is against the great weight of the evidence.  See Johnson, 23 S.W.3d at 11.








It is undisputed that appellant=s medical expert disagreed with the State=s medical expert as to whether the cause of
death could be determined in this case. 
However, the jury is free to accept one version of the facts, reject
another, or reject all or any of a witness=s testimony. 
Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981); Sills
v. State, 846 S.W.2d 392, 394 (Tex. App.BHouston [14th Dist.] 1992, pet. ref=d). 
Simply because the defendant presents a different version of the facts
does not render the State=s evidence insufficient.  Anderson v. State, 701 S.W.2d 868, 872
(Tex. Crim. App. 1985); Sills, 846 S.W.2d at 394. 

After viewing all of the evidence, we cannot
say that the evidence is so weak as to be clearly wrong and manifestly unjust
or that the verdict is against the great weight of the evidence.  We hold the evidence is factually sufficient
to support appellant=s conviction for murder.  Appellant=s third issue is overruled.

                                                    D.  Inconsistent
Verdict

In his fourth issue, appellant contends that
the jury=s return of a Anot guilty@ verdict to the lesser-included charge of
assault requires a reversal of his convictions for aggravated assault and
murder.








Where a multi‑count verdict appears
inconsistent, the appellate inquiry is limited to a determination of whether
the evidence is legally sufficient to support the counts on which a conviction
was returned.  United States v. Powell,
469 U.S. 57, 64‑67 (1984); Sauceda v. State, 739 S.W.2d 375, 376‑77
(Tex. App.BCorpus Christi 1987, pet. ref'd) (quoting Ruiz
v. State, 641 S.W.2d 364, 366 (Tex. App.BCorpus Christi 1982, no pet.)).  Inconsistent verdicts do not require reversal
for legal insufficiency.  Jackson v.
State, 3 S.W.3d 58, 60 (Tex. App.BDallas 1999, no pet.) (citing Dunn v.
United States, 284 U.S. 390, 393‑94). 
As long as the evidence is sufficient to support the conviction, what
the fact finder did with the remainder of the charge is immaterial.  Jackson, 3 S.W.3d at 62 (citing Powell,
469 U.S. at 64‑67); Ruiz, 641 S.W.2d at 366.  Even where an inconsistent verdict might have
been the result of compromise or mistake, the verdict should not be upset by
appellate speculation or inquiry into such matters.  Powell, 469 U.S. at 64‑67; Ruiz,
641 S.W.2d at 366. 

In a legal sufficiency review, this Court
must examine the evidence presented in the light most favorable to the verdict
and determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307, 319
(1979); Young v. State, 14 S.W.3d 748, 753 (Tex. Crim. App. 2000).  Having reviewed the evidence in the light
most favorable to the verdict, we conclude that any rational trier of fact
could have found beyond a reasonable doubt the essential elements of the
offenses of murder and aggravated assault. 
We hold the evidence is legally sufficient to support both
convictions.  Therefore, we are not obligated
to consider the jury=s response to the lesser-included charge of
assault.  Appellant=s fourth issue is overruled.

The judgment of the trial court is affirmed.

 

FEDERICO G. HINOJOSA

Justice

 

Do
not publish.  See Tex. R. App. P. 47.2(b).

 

Memorandum
Opinion delivered and filed this

the
18th day of August, 2005.











[1]
Article 21.25
provides as follows:

 

When an indictment or
information has been lost, mislaid, mutilated or obliterated, the district or
county attorney may suggest the fact to the court; and the same shall be
entered upon the minutes of the court. 
In such case, another indictment or information may be substituted, upon
the written statement of such attorney that it is substantially the same as
that which has been lost, mislaid, mutilated, or obliterated.  Or another indictment may be presented, as in
the first instance; and in such case, the period for the commencement of the
prosecution shall be dated from the time of making such entry.

 

Tex.
Code Crim. Proc. Ann. art. 21.25 (Vernon 1989).