Opinion issued August 25, 2011

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 
 


 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

____________

 

NO. 01-08-00449-CR

NO. 01-09-00956-CR

____________

 

FLOYD PLEASANT TARVIN, IV,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 


 

 
 
 



On Appeal from County Criminal Court at Law No. 8 

Harris County, Texas

Trial Court Cause No. 1377072[1]

 


 

 
 
 

 



MEMORANDUM OPINION








          In
1987, appellant, Floyd Pleasant Tarvin, IV, pleaded no contest to the
misdemeanor offense of driving while intoxicated (DWI) and was assessed
punishment of confinement for 30 days and a $100 fine.  See
Tex. Penal Code Ann. § 49.04
(West 2011).  Appellant’s appeal, filed nineteen
years later, was dismissed.  Floyd Pleasant Tarvin, IV, v. State of Texas,
No. 01-06-00902-CR, 2008 WL 4836665, at *1 (Tex. App.—Houston [1st Dist.] 2008,
no pet.).  In 1994, appellant was
convicted of a second misdemeanor offense of DWI.  In 2001, having been twice previously
convicted of DWI, appellant’s third misdemeanor DWI was elevated to a felony
offense.  Floyd P. Tarvin v. State of Texas, No. 01-02-01034-CR, 2004 WL
308454, at *1 (Tex. App.—Houston [1st Dist.] Feb. 19, 2004, pet. ref’d); see Tex.
Penal Code Ann. § 49.09(b) (West 2011). 
Appellant’s 2001 felony DWI was further enhanced by prior felony convictions
for involuntary manslaughter and for possession of a controlled substance with
intent to deliver, and the trial court sentenced appellant to 60 years’
confinement. Floyd P. Tarvin, No.
01-02-01034-CR, 2004 WL 308454, at *1; see
Tex. Penal Code Ann. § 12.42(d)
(West 2011).  Appellant’s conviction was
affirmed on appeal. Floyd P. Tarvin,
No. 01-02-01034-CR, 2004 WL 308454, at *1. 


 

          In
2005, appellant applied to the trial court for a post-conviction writ of habeas
corpus, solely challenging the underlying 1987 misdemeanor conviction.  See
Tex. Code Crim. Proc. Ann. §
11.09 (West 2005).  Specifically,
appellant asserted that the 1987 conviction was void because the record did not
reflect that he had waived his right to a jury trial.  The trial court denied his application and
appellant appealed, proceeding pro se.

          In
cause number 01-08-00449-CR, appellant presents four issues.  In his first issue, appellant contends that the
trial court lacked jurisdiction to rule on his application for writ of habeas
corpus.  In his second and third issues,
appellant complains that the trial court erred by denying his application
because the clerk’s record in the habeas proceeding was inaccurate in that it lacked
a copy of the charging instrument related to the 1987 offense.  In his fourth issue, appellant contends that the
district clerk violated his due process rights by failing to include the 1987 charging
instrument in the clerk’s record.  

          In
cause number 01-09-00956-CR, appellant challenges the trial court’s denial of
his motion to reduce his appeal bond.

          We
affirm the trial court’s judgment in cause number 01-08-00449-CR.  We dismiss cause number 01-09-00956-CR as
moot.

 

Background

          By
his application for habeas relief, appellant complained that the record did not
reflect that he had “acknowledged, agreed and in writing ‘waived his right to a
jury trial’” when he pleaded no contest to the 1987 DWI offense.  Appellant contended that the 1987 misdemeanor
conviction is void and was therefore “unlawfully used” to elevate his 2001
conviction for misdemeanor DWI to a third degree felony.  

          The
court reporter has informed this Court that there was not a reporter’s record
taken of the habeas proceeding. 

          The
trial court denied the application for writ of habeas corpus and made the
following findings of fact:  

          (1)  “[Appellant’s] guilty plea was voluntarily
and knowingly entered”; 

          (2)     “[Appellant] knowingly, intelligently,
voluntarily, and expressly waived trial by jury”; and 

          (3)     “[Appellant] has failed to demonstrate a
falsehood to overcome the presumption of regularity and truthfulness in the
judgment.” 

 

A.      Cause Number 01-08-00449-CR

          In cause number 01-08-00449-CR,
appellant appeals the denial of his post-conviction application for writ of
habeas corpus.

 

 

          1.       Appellate Jurisdiction and Standard of
Review 

          Appeals
from the denial of relief sought by misdemeanor post-conviction applications
for writs of habeas corpus are properly directed to the courts of appeals. See Ex parte Jordan, 659 S.W.2d 827, 828
(Tex. Crim. App. 1983); Dahesh v. State,
51 S.W.3d 300, 302 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d); see also Tex. R. App. P. 31 (governing appeals from habeas corpus
proceedings).  An appeal may be had when,
as here, the trial court considers and resolves the merits of appellant’s
habeas application related to a misdemeanor offense for which community
supervision was not imposed. Ex parte
Hargett, 819 S.W.2d 866, 869 (Tex. Crim. App. 1991); cf. Ex parte Villanueva, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008)
(stating that Hargett will not govern
appeal from denial of post- conviction application for habeas corpus involving
misdemeanor case in which community supervision was imposed). 

          In
reviewing a trial court’s decision to grant or deny relief on a writ of habeas
corpus, we review the facts in the light most favorable to the trial court’s
ruling and will uphold it absent an abuse of discretion.  Ex parte
Wheeler, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006).  We afford almost total deference to a trial
court’s factual findings, especially when those findings are based upon
credibility and demeanor. Ex parte White,
160 S.W.3d 46, 50 (Tex. Crim. App. 2004).  We afford the same level of deference to the
trial court’s rulings on “applications of law to fact questions if the
resolution of those ultimate questions” turns on an evaluation of credibility
and demeanor. See Guzman v. State,
955 S.W.2d 85, 89 (Tex. Crim. App. 1997). We review wholly legal conclusions de
novo. Id. Unless we are unable to
determine from the record what the trial court’s implicit factual findings
were, we defer to implicit factual findings that support the trial court’s
ruling.  Wheeler, 203 S.W.3d at 324 n.23.  We affirm the trial court’s decision if it is
correct on any theory of law applicable to the case. Ex parte Primrose, 950 S.W.2d 775, 778 (Tex. App.—Fort Worth 1997,
pet. ref’d).

          2.       Jurisdiction of the Trial Court

          In
his first issue, appellant contends that the trial court lacked jurisdiction to
rule on his application for habeas relief. 
Specifically, appellant complains that the trial court “lacked jurisdiction”
because it waited 330 days to rule on his application. 

          Appellant’s
post-conviction application for habeas corpus relief is governed by Texas Code
of Criminal Procedure article 11.09, which states, in pertinent part, as
follows:

If a person is confined on a charge of misdemeanor, he
may apply to the county judge of the county in which the misdemeanor is charged
to have been committed, or if there be no county judge in said county, then to
the county judge whose residence is nearest to the courthouse of the county in
which the applicant is held in custody.

 

Tex. Code
Crim. Proc. Ann. art.
11.09.  The clerk’s record reflects that
the misdemeanor offense at issue was committed in Harris County and that
appellant properly applied to the judge of the Harris County Criminal Court at
Law No. 8.  See id.

          For
the trial court to have jurisdiction over a habeas application in a misdemeanor
case under section 11.09, the applicant must be “confined” or “restrained” by
either an accusation or a conviction. See
Ex parte Schmidt, 109 S.W.3d 480, 483 (Tex. Crim. App. 2003); Ex parte Davis, 748 S.W.2d 555, 557–58
(Tex. App.—Houston [1st Dist.] 1988, pet. ref’d). Collateral consequences
related to a conviction, such as the use of the conviction to enhance punishment
in other cases, may constitute confinement. Tatum
v. State, 846 S.W.2d 324, 327 (Tex. Crim. App. 1993); State v. Collazo, 264 S.W.3d 121, 126 (Tex. App.—Houston [1st
Dist.] 2007, pet. ref’d); Davis, 748
S.W.2d at 557–58. 

          Generally,
the offense of driving while intoxicated is a Class B misdemeanor. See Tex.
Penal Code Ann. § 49.04(b).  The
offense is elevated to a third-degree felony if it is shown that the person has
been twice previously convicted of any other offense relating to the operation
of a motor vehicle while intoxicated. See
Tex. Penal Code Ann. § 49.09(b).  Appellant’s 1987 misdemeanor conviction was
used to enhance appellant’s 2001 misdemeanor offense from a Class B misdemeanor
to a third-degree felony. See id.  We conclude that appellant’s confinement was sufficient
to invoke the trial court’s habeas jurisdiction.  See
Davis, 748 S.W.2d at 557–58.

          Appellant
complains on appeal that the trial court lacked jurisdiction to rule on his
application because 330 days were allowed to elapse between the time that he
filed his application, on July 13, 2005, and the time that the court ruled on
his application, on May 16, 2006. 
Appellant relies on the deadlines outlined in Code of Criminal Procedure
article 11.07.  See Tex. Code Crim. Proc.
Ann. art. 11.07 § 3(c)-(d) (West Supp. 2010) (requiring that
convicting court act within certain periods and then immediately forward
application to Court of Criminal Appeals). 
Article 11.07 governs an application for habeas relief from a felony
judgment.  Id. art. 11.07 § 1.  Here, appellant
seeks habeas relief from his 1987 misdemeanor judgment.  Therefore, as appellant acknowledges in his
brief, the provisions of article 11.07 do not apply and article 11.09 does not
contain similar provisions. 

          We
overrule appellant’s first issue.

          3.       Clerk’s
Record

          Appellant’s
second, third, and fourth issues are related and will be addressed
together.  In his second and third issues,
appellant contends that the trial court erred by ruling on his application for
habeas relief because the charging instrument related to his 1987 DWI misdemeanor
conviction was not included in the clerk’s record.  In his fourth issue, appellant complains that
the district clerk violated his due process rights by failing to include the
charging instrument in the clerk’s record.  

          By
his application for habeas relief in the trial court, appellant contended that
“the Clerk’s Record . . . is void of a jury trial . . . and is void of either
an oral or written ‘waiver’ of the right to a jury trial.”  Appellant does not raise this complaint on
appeal.  Rather, he contends that the
trial court erred by ruling on his application for habeas relief without the 1987
charging instrument.  Appellant asks that
we order the “Clerk to produce, and forward, Appellant’s 1987 DWI information
to this Court” or that we order that he be “acquitted . . . due to insufficient
Clerk’s Record without ‘mandatory’ information included pursuant to TRAP 34.5(a)(2).”  

          The
1987 charging instrument is not included in the habeas record. Appellant
contends that the mere absence of the charging instrument constitutes a
violation of “mandatory” Rule 34.5(a)(2) and that we are now compelled to acquit
him.  

          Rule
34.5(a)(2) provides that, with exception not applicable here, the record in a
criminal case “must” include a copy of the indictment or information.  Tex. R.
App. P. 34.5(a)(2).  Rule 34.5(e),
which governs lost clerk’s records, provides a method for substitution.  Tex.
R. App. P. 34.5(e).  

 

          Texas
Code of Criminal Procedure article 21.25, which controls over Rule 34.5, governs
when an indictment or information is lost or destroyed. Tex. Code Crim. Proc. Ann. art. 21.25 (West 2009); Glover v. State, 740 S.W.2d 94, 97–98
(Tex. App.—Dallas 1987, no pet.). 
Article 21.25 provides that, “[w]hen an indictment or information has
been lost, mislaid, mutilated or obliterated, the district or county attorney may suggest the fact to the court; and
the same shall be entered upon the minutes of the court.  In such case, another indictment or
information may be substituted . . .
.”  Tex.
Code Crim. Proc. Ann. art. 21.25 (emphasis added). Article 21.25 “apparently
permits” post-conviction substitution
when a charging instrument has been mislaid. 
State v. Dotson, 224 S.W.3d
199, 205 & n.24 (Tex. Crim. App. 2007) (emphasis added).  Nothing in article 21.25 requires such
substitution. 

          After
original presentment, even if the charging instrument is lost and the procedural
requirements of article 21.25 are not satisfied, the trial court is not
divested of jurisdiction and appellant’s constitutional rights are not
implicated. Carrillo v. State, 2
S.W.3d 275, 278 (Tex. Crim. App. 1999) (“Nothing in the constitution or
statutes suggests that continued presence of the indictment [or information] in
the file or courtroom is necessary in
order to maintain already vested jurisdiction.”).  An appellant who wishes to complain that the
procedural requirements of Article 21.25 were not satisfied must raise the
issue. See Carrillo v. State, 29
S.W.3d 262, 263–64 (Tex. App.—Houston [14th Dist.] 2000, pet. ref’d).  Because appellant did not raise the issue in
his application for habeas relief, the issue is not preserved for appeal.

          Further,
even when a defect in a proceeding is raised, “a collateral attack by habeas
corpus may be invoked only where the error renders the proceedings absolutely
void.”  Ex parte Sadberry, 864 S.W.2d 541, 543 (Tex. Crim. App. 1993).  Appellant has not shown that a violation of
Rule 34.5(a)(2) or article 21. 25, at this stage of the proceedings, rises to a
constitutional dimension or renders the proceedings void. See Ex parte McCain, 67
S.W.3d 204, 210 (Tex. Crim. App. 2002) (stating that violation of mandatory
procedural statute is not cognizable on writ of habeas corpus).  

          The
purpose of a charging instrument is to put a defendant on notice of what he is
to defend against by telling him the time, place, identity, and manner and
means of the commission of the alleged offense. 
See Tex. Const. art. 5 § 12; Phillips
v. State, 178 S.W.3d 78, 81 (Tex. App.—Houston [1st Dist.] 2005, pet.
ref’d).  Hence, the contents of the
charging instrument would have no bearing on the trial court’s consideration of
the issue presented by appellant in his application for habeas relief, that is,
whether the record reflects that he waived his right to a jury trial.  A jury trial waiver would not be contained in
the State’s charging instrument.  

          We
overrule appellant’s second, third, and fourth issues.

B.      Cause Number 01-09-00956-CR

          In
cause number 01-09-00956-CR, appellant appeals the denial of his motion to
reduce his appeal bond.  

          In
2006, appellant moved the trial court to reduce the $1,000,000 bond that had
been set pending the appeal of the denial of his post-conviction application
for writ of habeas corpus.  The trial
court granted relief in part, reducing his bond from $1,000,000 to
$250,000.  Three years later, on October
27, 2009, appellant moved for a further reduction to $1,000.  The trial court denied the motion and appellant
appealed, contending that the trial court had abused its discretion by denying
his motion for a reduction in his appeal bond “for a 24 year old misdemeanor
DWI.”  

          Having
affirmed the trial court’s judgment on appellant’s post-conviction application
for writ of habeas corpus, the issue is moot. 
See Bennet v. State, 818
S.W.2d 199, 200 (Tex. App.—Houston [14th Dist.] 1991, no pet.). 

          Accordingly,
the appeal in cause number 01-09-00956-CR is dismissed as moot. 

 

 

Conclusion

          We
affirm the trial court’s judgment in cause number 01-08-00449-CR.  We dismiss the appeal in cause number
01-09-00956-CR as moot. All pending motions are dismissed as moot.

 

 

                    Jane Bland

                Justice

 

Panel consists of Chief Justice
Radack and Justices Bland and Huddle. 

Do not publish.   Tex. R.
App. P. 47.2(b).

 











[1]
             Trial
court cause number 1377072 applies to both appellate cause numbers.